In the Matter of HAROLD A. ADEL, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, June 1, 1973.

*David E. Brennan* for petitioner.

*Harold A. Adel,* respondent in person, and *William B. Mahoney* for respondent.

*Per Curiam.* Respondent was admitted to the Bar on June 30, 1936. On December 2, 1971 an indictment was filed in the District Court of the United States for the Western District of New York charging him with violations of section 7201 of title 26 of the United States Code in that he willfully, knowingly and unlawfully attempted to evade income taxes due to the United States by filing false and fraudulent joint income tax returns on behalf of himself and his wife for the years 1963 through 1966. He reported no taxable income for these years when in fact he had a taxable income of approximately $68,000 upon which he owed taxes of about $15,000.

On September 25, 1972 respondent was adjudged guilty as charged upon his plea of *nolo contendere,* and fined $3,000 on the four counts of willful evasion.

In his answer in this disciplinary proceeding respondent stated he did not believe that he was guilty of professional misconduct and offered as explanation that he had relied on a professional accountant for the preparation of his income tax returns. He further asserted that he had been concerned with the cost, in time and money, of defending himself against the charges lodged against him in District Court. The Referee appointed to take proof upon the issues of fact raised by the petition and answer concluded that respondent did not intentionally file false or fraudulent returns for the years in question, but was guilty of poor judgment and negligence in not examining the returns before signing them. Nevertheless the plea of *nolo contendere* constitutes an admission of professional misconduct by a knowledgeable and experienced attorney (*Matter of Ward,* 18 A D 2d 15) in violation of canons 29 and 32 of the Canons of Professional Ethics and of DR 1–102 of the Code of Professional

Responsibility. In the circumstances we conclude that respondent should be suspended for a period of one year commencing June 25, 1973 and thereafter until there has been compliance with the conditions to be stated in the order to be entered herein.

GOLDMAN, P. J., DEL VECCHIO, WITMER, CARDAMONE and HENRY, JJ., concur.

Order of suspension entered.