State Dental Council and Examining Board *v.*
Jerome Friedman, D.D.S., Appellant.

Argued October 7, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Joel Harvey Slomsky,* for appellant.

*Lawrence Alexander,* Assistant Attorney General, with him *Charles L. Ford,* Chief Counsel, Bureau of Professional and Occupational Affairs, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, December 17, 1976:

Jerome Friedman, D.D.S. (Friedman) has, by his appeal from an order of the State Dental Council and Examining Board (Board) suspending his license to practice dentistry for three months, raised a question of first impression for this Court. The question involves the use in a subsequent administrative proceeding of a plea of nolo contendere.

Charged with 23 counts of mail fraud,[1] Friedman entered a plea of nolo contendere on February 28, 1975. In early May of 1975, Friedman received notice that pursuant to Section 3 of The Dental Law[2]

---

[1] Friedman allegedly submitted false bills to the Pennsylvania Blue Shield which totaled an amount somewhere between $20,000 and $28,000.

[2] Act of May 1, 1933, P.L. 216, *as amended*, 63 P.S. §122. Section 3 provides in part:

> The State Dental Council and Examining Board (hereinafter called the Board), created, appointed, and organized in accordance with the provisions of the Administrative Code, and its amendments [71 P.S. §51 et seq.], shall have power:
>
> . . . .
>
> (i) *To suspend and revoke*, by majority action of the entire board, *the license or registration of any licensee who has been guilty of a crime or misdemeanor involving moral turpitude*; or of a violation of any of the provisions of this act; or of fraudulent or unlawful practices, or fraudulent, misleading or deceptive representations; or of unprofessional conduct, detrimental or dangerous to the public health, safety, morals or welfare; or of wilful or gross malpractice or neglect; or a false, misleading or deceptive advertising as respects the skill of the operator, the quality of materials, drugs or medicines used, or methods practiced; or of employing or making use of solicitors or free public press agents, or of advertising by means of signs, posters, handbills, circulars, slides, motion pictures, radio, newspapers, magazines or other publications or advertising media—(1) professional superiority, (2) the performance of professional services in a superior manner, (3) the character or durability of his work, (4) to guarantee any dental service, (5) to perform any dental operation painlessly, (6) prices for professional services, (7) free dental work, or (8) free examinations, or (9) by display of a tooth, teeth, bridge work, or any portion of the human head, or (10) by means of large, glaring or conspicuous light or other signs: Provided, however, That the foregoing shall not prevent the use of signs containing the name of any licensee and the word dentist, or any abbreviation thereof; or of habitual intemperance, or who is addicted to the use of narcotic drugs, or is insane; and to reinstate licenses and registrations in any cases where a majority of the entire board shall determine the same to be just and proper. (Emphasis added.)

(Act) the Board would conduct a hearing in accordance with the Administrative Agency Law[3] (Agency Law) to determine whether his license to practice dentistry should be suspended or revoked. At the July 1, 1975 hearing, Friedman argued, *inter alia*, that a plea of nolo contendere cannot be used against a defendant in any subsequent civil suit and, therefore, his plea was inadmissible in the license proceeding. Nevertheless, the Board admitted a certified copy of the docket entry of his plea and thereafter decided to suspend Friedman's license for three months. He appealed.

Before this Court, Friedman raises the same contention, adding that, because the Board based its. decision solely on his plea, its adjudication was not based on substantial evidence.[4] We disagree and affirm the Board's order.

The leading case in this Commonwealth on the nature of a plea of nolo contendere is *Commonwealth v. Ferguson*, 44 Pa. Superior Ct. 626 (1910). In *Ferguson*, a criminal case, President Judge RICE stated:

A plea of nolo contendere, when accepted by the court, is, in its effect upon the case, equivalent

---

[3] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

[4] Section 44 of the Agency Law, 71 P.S. §1710.44, provides:

The court to which the appeal is taken shall hear the appeal without a jury on the record certified by the agency. After hearing, the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of sections thirty-one to thirty-five inclusive of this act [71 P.S. §1710.31-.35] have been violated in the proceeding before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may set aside or modify it, in whole, or in part, or may remand the proceeding to the agency for further disposition in accordance with the order of the court.

to a plea of guilty. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. The judgment of conviction follows upon such plea as well as upon a plea of guilty. But there is a difference between the two pleas in that the defendant cannot plead nolo contendere without the leave of the court. If such plea is tendered, the court may accept or decline it in its discretion. . . . This is the generally accepted view in the jurisdictions of this country where the practice of entering and accepting such plea is recognized. . . . And it is the view recognized in Pennsylvania: Buck v. Com., 107 Pa. 486. . . .

44 Pa. Superior Ct. at 628-29 (citations omitted).

Therefore, while a plea of guilty is an admission of guilt conclusive in subsequent civil cases concerning the same act, a plea of nolo contendere, when accompanied by a protestation of the defendant's innocence, will not preclude him in a civil action from contesting the facts charged in the indictment. *Buck v. Commonwealth,* 107 Pa. 486 (1885). *Ferguson* supports the exclusion of nolo contendere pleas in subsequent civil actions to vindicate individual rights.[5]

However, we are not here dealing with a civil suit to enforce individual rights. Rather, we are dealing with an administrative agency of the sovereign which seeks to carry out its duty to protect the citizens of the Commonwealth by regulating the conduct of its licensees. It is the interests of many rather than the interests of few which impels the Board.

---

[5] *E.g., Commonwealth ex rel. Warner v. Warner,* 156 Pa. Superior Ct. 465, 40 A.2d 886 (1945) (habeas corpus proceeding to obtain custody); *Teslovich v. Fireman's Fund Insurance Co.,* 110 Pa. Superior Ct. 245, 168 A. 354 (1933) (assumpsit action on fire insurance policy).

It is clear from a reading of Section 3 of the Act that the Board is essentially a watchdog of the dental profession, empowered to maintain the high standards which the people of this Commonwealth have a right to expect from their dentists. These standards are not ethereal but are substantial and practical, dealing as they do with all aspects of professional conduct. Therefore, the Board is entrusted with the power to suspend the privilege of any licensee who has been guilty, *inter alia*, of a crime or misdemeanor involving moral turpitude. We have no doubt that mail fraud is a crime in which fraud is an ingredient and, therefore, a crime involving moral turpitude.[6]

We cannot allow a licensee to escape censure simply because he chooses not to contest criminal charges brought against him. We therefore hold that, in order to further the purpose of Section 3 of the Act and thus the interests of the citizens of this Commonwealth, a certified copy of the docket entry of a plea of nolo contendere is admissible in an administrative hearing before the Board as evidence of an admission of guilt of a crime or misdemeanor involving moral turpitude.[7] We hasten to add that such evidence shall not preclude a licensee from introducing other evidence to refute his guilt. Concomitantly, we hold that the order of the Board, based on a plea of nolo contendere, was based on substantial evidence.

We also find Friedman's other contentions to be without merit.

Accordingly, we enter our

---

[6] *Moretti v. State Board of Pharmacy*, 2 Pa. Commonwealth Ct. 121, 277 A.2d 516 (1971).

[7] *See Adel v. Bar Ass'n of Erie County*, 41 App. Div. 2d 509, 344 N.Y.S. 2d 110 (1973); *see also Maryland State Bar Ass'n, Inc. v. Agnew*, 271 Md. 543, 318 A.2d 811 (1974).

## ORDER

AND Now, this 17th day of December, 1976, the order of the State Dental Council and Examining Board, dated December 29, 1975, suspending the license to practice dentistry of Jerome Friedman, D.D.S., for three months, is hereby affirmed.