Richard C. Baker *v.* School District of the City of Allentown. (2 Cases)

454

Argued March 10, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Clayton T. Hyman* and *Sandor Engel,* with them *Coleman and Hyman,* for Richard C. Baker.

*William G. Malkames,* Solicitor, for School District of City of Allentown.

OPINION BY JUDGE WILKINSON, JR., April 4, 1977:

Appellant is a professional employe of the School District of the City of Allentown (School District). He was arrested and subsequently entered a plea of nolo contendere to the federal offense of operating an illegal gambling business in violation of 18 U.S.C.

§§1955, 2. After a hearing the local school board, on October 9, 1975, terminated appellant's employment contract on the grounds of immorality and incompetency pursuant to Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1122. The only evidence that appellant was engaged in illegal gambling was the nolo contendere plea. Upon appeal the Secretary of Education (Secretary) affirmed the dismissal on the grounds of immorality only. Cross appeals were filed and were consolidated for argument. We affirm the order of the Secretary.

Appellant first contends that a plea of nolo contendere is not competent evidence in a civil proceeding and that a finding of immorality based solely upon such a plea cannot stand. We disagree. While a nolo contendere plea has no effect or operation in a civil action to vindicate individual rights, *Teslovich v. Firemen's Fund Insurance Co.*, 110 Pa. Superior Ct. 245, 168 A. 354 (1933) (plaintiff recovered on fire insurance policy after pleading nolo contendere to arson), this case is controlled by *State Dental Council & Examining Board v. Friedman*, 27 Pa. Commonwealth Ct. 546, 367 A.2d 363 (1976). In that case, where a dentist's license was suspended for the commission of a crime involving moral turpitude, a plea of nolo contendere was admitted as evidence of an admission of the crime. Judge MENCER stated:

> [W]e are not here dealing with a civil suit to enforce individual rights. Rather, we are dealing with an administrative agency of the sovereign which seeks to carry out its duty to protect the citizens of the Commonwealth by regulating the conduct of its licensees. It is the interests of many rather than the interests of few which impels the Board.

*Id.* at 550, 367 A.2d at 366.

We find a dismissal proceeding under Section 1122 of the School Code somewhat analogous to but less onerous than a suspension-revocation proceeding under Section 3(i) of The Dental Law, Act of May 1, 1933, P.L. 216, *as amended*, 63 P.S. §122. We, therefore, hold that a plea of nolo contendere is admissible as evidence of an admission of guilt in a proceeding under Section 1122 and it will support a termination of his contract in this case.

Appellant's second contention is that the evidence does not support a finding that his actions offended the moral standards of the community. A careful review of the record, however, convinces us that the decision below is supported by substantial evidence. Indicative is the testimony of Allentown's Superintendent of Education. On the evidence below a reasonable man acting reasonably *could* have reached the decision made by the school board. *Landi v. West Chester Area School District*, 23 Pa. Commonwealth Ct. 586, 353 A.2d 895 (1976).

Thirdly, appellant contends that he cannot be dismissed for immorality because the term is unconstitutionally vague, violating the due process clause of the Fourteenth Amendment of the United States Constitution. We cannot agree. Immorality under Section 1122 has been judicially defined as ''a course of conduct as offends the morals of the community and is a bad example to the youth whose ideals a teacher is supposed to foster and to elevate.'' *Horosko v. Mount Pleasant Township School District*, 335 Pa. 369, 372, 6 A.2d 866, 868 (1939). By so defining the term our courts have foreclosed the potential for abuse that would exist if a school board could dismiss an employe for conduct which incurred its disapproval, thus imposing its conception of morality on a community.

Further definition of the term where criminal sanctions are not employed, however, is neither necessary

nor advisable. It would be totally unrealistic to require the Commonwealth to define every immoral act. Not only would the task be impossible to fulfill since values differ both in time and geographically, but it would leave school boards helpless to protect students from teachers who have committed the most venal of conduct when it has not been specifically banned. This is especially true when, unlike in *Cohen v. Board of Pharmacy,* 448 Pa. 189, 292 A.2d 277 (1972), the statute does not restrict the definition of the word.

Having rejected appellant's arguments, we affirm his dismissal on the grounds of immorality. Consequently, we consider the School District's cross appeal as moot and dismiss it.

ORDER

Now, April 4, 1977, the order of the Secretary of Education, dated June 22, 1976, number 279, is affirmed.

ORDER

Now, April 4, 1977, the petition of the School District of the City of Allentown is dismissed for mootness.