Warren County School District of Warren County, Petitioner *v.* Jeffrey Carlson, Respondent.

Argued June 6, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Joseph A. Massa, Jr.*, for petitioner.

*Paul D. Boas*, for respondent.

OPINION BY JUDGE MACPHAIL, August 27, 1980:

On March 16, 1978, Jeffrey Carlson (Carlson) was dismissed as a teacher by the Warren County School District (District) following a public hearing. The charge against Carlson was immorality by reason of possession of more than thirty grams of marijuana for personal use. Carlson appealed to the Secretary of Education (Secretary) who reversed the district and ordered Carlson reinstated with full pay. The instant appeal is from the Secretary's decision. We affirm.

The crux of this appeal as well as of the proceedings which preceded it is the evidentiary value of Carlson's plea of nolo contendere to the charge against him under the provisions of Section 17 of The Controlled Substance, Drug, Device and Cosmetic Act (Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-117. That statute provides that under certain conditions, the court may accept a plea of nolo contendere and, *without entering judgment*, defer the proceedings and place the defendant on probation for a specific period of time. Moreover, it is provided that if the defendant successfully completes his probationary term, such person shall be discharged and the proceedings dismissed with the following addendum: "Discharge and dismissal shall be without adjudication of guilt and shall not constitute a conviction for any purpose whatever. . . ." Section 19 of the Act, 35 P.S. §780-119, provides that records of arrest or prosecution under the Act may be expunged when the charges are dismissed. Where such records have been ordered expunged, Section 19 pro-

vides that such record shall not be regarded as an arrest or prosecution for the purpose of *"any civil or criminal proceeding or any other public or private purpose."* (Emphasis added.)

The time line of the pertinent events in this case is as follows: June 24, 1977, Carlson enters a plea of nolo contendere and is placed on probation for one year; September 26, 1977, the District suspends Carlson; March 16, 1978, the District dismisses Carlson; July 6, 1978, Carlson's record of arrest and prosecution is expunged; July 7, 1978, Carlson has a hearing before a hearing examiner appointed by the Secretary of Education; and June 8, 1979, the decision of the Secretary is filed.

Additional relevant matters are that the only evidence of Carlson's misconduct submitted at the District's hearing was the testimony of the Prothonotary of Warren County concerning the criminal case against Carlson[1] and that no additional testimony was taken by the hearing examiner appointed by the Secretary, although a stipulation of the parties was received.

There is no doubt that the District had the statutory authority to dismiss Carlson for immorality after a public hearing. Sections 1122 and 1129 of the Public School Code, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§11-1122 and 11-1129. There seems to be no serious question in this case that the possession of more than thirty grams of marijuana would constitute immoral conduct. Testimonial evidence of this fact was presented to the District.

Although Carlson submitted several issues to the Secretary in support of his appeal, the Secretary based his reversal of the District upon his finding

---

[1] Carlson objected strenuously to the admission of this evidence.

that there was not substantial evidence to support the District's conclusion that Carlson engaged in immoral conduct. Specifically, the Secretary held that the plea of nolo contendere was not substantial evidence of possession of marijuana. The Secretary also held that since the record had been expunged before the hearing on the appeal to him, the use of the criminal record to dismiss Carlson would violate both the policy and the language of Section 19 of the Act.

Nolo contendere literally interpreted from the Latin means "I will not contest it." Black's Law Dictionary 1198 (4th rev. ed. 1968). It has the same legal effect as a plea of guilty in the criminal proceedings in which it is entered, even to the point that a judgment of sentence may be imposed. Our Court has acknowledged that such a plea is only an implied confession of guilt and may not be used against the defendant in any civil action. *City of York v. Dinges,* 21 Pa. Commonwealth Ct. 322, 345 A.2d 776 (1975). However, our Court has also held that a plea of nolo contendere *is* admissible in an administrative proceeding. *Baker v. School District of the City of Allentown,* 29 Pa. Commonwealth Ct. 453, 371 A.2d 1028 (1977) and *State Dental Council and Examining Board v. Friedman,* 27 Pa. Commonwealth Ct. 546, 367 A.2d 363 (1976). The *Baker* case is strongly pressed by the District as controlling precedent for the case now before us. In *Baker,* the local school board had dismissed a teacher on the ground of immorality because the teacher had allegedly engaged in illegal gambling. There, as here, the only evidence of illegal gambling was the teacher's plea of nolo contendere. The Secretary affirmed the action of the school board and our Court affirmed the Secretary's order citing *Friedman* and holding specifically

that a plea of nolo contendere is admissible as evidence of an admission of guilt in a proceeding under Section 1122 of the Public School Code, and that evidence alone would support a termination of the teacher's contract.

Obviously, if we are to affirm the Secretary here, we must either overrule the precedent or distinguish the *Baker* case from the instant case. Here, we believe the provisions of the Act must be carefully examined because in the *Friedman* and *Baker* cases there was no special statute involved; rather, the evidence was admitted on the basis of prevailing case law. The statute with which we are here involved is unique and evidences a strong legislative intent that first offenders under the Act may, in appropriate circumstances, be given special consideration.

In criminal proceedings, normally there is a two step process when sentence is imposed. First, there must be either a plea of guilty or of nolo contendere or a conviction by a judge or jury where the defendant has pled not guilty. The prevailing law is that there is no right of appeal from a plea or a conviction and neither a plea nor a conviction are admissible in subsequent proceedings for the obvious reason that a plea may be withdrawn at any time prior to sentence[2] or a conviction set aside.[3] However, after the plea or conviction, when sentence is imposed, such sentencing constitutes a *judgment* from which an appeal does lie, and in those circumstances, where permitted by law, the *judgment* may be introduced in subsequent proceedings. 2 Wigmore, Evidence §521 (Chadbourn rev. 1979).

It will be noted that in Section 17 proceedings, no judgment is entered, notwithstanding the fact that the

[2] Pa. R. Crim. P. 320.
[3] Pa. R. Crim. P. 1123.

574

defendant is placed on probation, an act which normally constitutes a sentence, *i.e.* a judgment. Therefore, because no judgment was entered on the plea of nolo contendere in the instant case, it was error for the School District to admit the plea of nolo contendere.[4] Quite obviously, since the plea of nolo contendere which was the only evidence that Carlson possessed marijuana was inadmissible, the District erred when it dismissed him for immorality.

While it is not necessary for us to affirm or set aside the Secretary's conclusion that since Carlson's criminal record was expunged prior to the Secretary's "hearing," we do consider it necessary to observe that under Section 1131 of the Public School Code, 24 P.S. §11-1131, the Secretary is obligated to review the record of the hearing before the Board and may consider such additional testimony as he deems advisable. We have recently held that in cases of this nature the Secretary is the "ultimate fact finder" and that with that status goes the power to determine the weight of the testimony. *Grant v. Board of School Directors of the Centennial School District*, 43 Pa. Commonwealth Ct. 556, 403 A.2d 157 (1979). In the instant case there was no additional testimony, but there was a stipulation filed with the Secretary which stated that Carlson's criminal record *had been expunged*. Therefore, the Secretary correctly concluded that inasmuch as there was no criminal record before him,[5] he had no alternative as the ultimate fact finder other than to conclude

---

[4] Although the question of whether judgment was entered on the pleas of nolo contendere was not discussed in the *Baker* and *Friedman* cases, the record in both cases is clear that sentence had been imposed in each instance.

[5] Indeed, criminal sanctions are provided if an expunged criminal record is thereafter used for any "public or private purpose." Section 19(b) of the Act, 35 P.S. §780-119.

that there was no evidence to support a conclusion of immorality.

Order affirmed.

Judge WILLIAMS, JR. concurs in result only.

ORDER

AND Now, this 27th day of August, 1980, the order of the Secretary of Education, dated June 8, 1979, ordering the Warren County School District to reinstate Jeffrey Carlson as a professional employee with full back pay is hereby affirmed.

DISSENTING OPINION BY JUDGE WILKINSON, JR.:

I must respectfully dissent. In my opinion, when we said in *Baker v. School District of the City of Allentown,* 29 Pa. Commonwealth Ct. 453, 456, 371 A.2d 1028, 1029 (1977)—"We, therefore hold that a plea of nolo contendere is admissible as evidence of an admission of guilt in a proceeding under Section 1122 and it will support a termination of his contract in this case."—we disposed of this case in favor of appellant. Indeed, it seems difficult to think of any language that would have been more specific.