# Neshaminy Federation of Teachers, Appellant *v.* Neshaminy School District, Appellee.

Argued March 4, 1981, before Judges MENCER, ROGERS and MacPHAIL, sitting as a panel of three.

*Michael Brodie, Freedman* and *Lorry,* for appellant.

*Miriam Reimel,* for appellee.

OPINION BY JUDGE MENCER, April 29, 1981:

On March 16, 1978, in a jury trial, Robert P. Hess (Hess), a tenured professional employee of the Neshaminy School District (District), was convicted of simple assault, aggravated assault, recklessly endangering another person, terroristic threats, and felonious restraint and later was sentenced to confinement in jail.[1]

---

[1] The elements of the crimes for which Hess was convicted by a jury, beyond a reasonable doubt, were as follows: Simple assault: A person is guilty of assault if he "attempts by physical menace to

Section 1122 of the Public School Code of 1949 (School Code)[2] provides that the only valid causes for termination of a professional employee are immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, and persistent and wilful violation of the school laws of this Commonwealth.[3]

The school board of the District, being of the view that the School Code clearly entrusted to it the decision as to whether a tenured professional employee should be discharged, strictly followed the School Code's mandated procedure for dismissing a tenured professional employee,[4] with the result that, on June 27, 1978, the board of school directors of the District voted to discharge Hess on the ground of immorality.[5]

---

put another in fear of imminent serious bodily injury." 18 Pa. C. S. §2701. Aggravated assault: A person is guilty if he "attempts to cause . . . bodily injury to another with a deadly weapon." 18 Pa. C. S. §2702. Recklessly endangering another person: A person is guilty if he "recklessly engages in conduct which . . . may place another person in danger of death or serious bodily injury." 18 Pa. C. S. §2705. Terroristic threats: A person is guilty if he "threatens to commit any crime of violence with intent to terrorize another . . . or in reckless disregard of the risk of causing such terror or inconvenience." 18 Pa. C. S. §2706. Felonious restraint: A person is guilty if he "restrains another unlawfully in circumstances exposing him to risk of serious bodily injury." 18 Pa. C. S. §2902.

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1122.

[3] Hess contends here that, because of the existence of the collective bargaining agreement entered into between the District and the teachers' union, the only cause for terminating a professional employee employed by the District would be "just cause" as that term is used in the collective bargaining agreement.

[4] Sections 1127 to 1130 of the Code, 24 P.S. §§11-1127 to 1130.

[5] A guilty verdict relative to charges of criminal conduct will support a finding of immorality which is a valid cause for termination of a professional employee. *See Baker v. School District, City of Allentown*, 29 Pa. Commonwealth Ct. 453, 371 A.2d 1028 (1977).

No appeal was taken from this discharge decision,[6] but, on August 18, 1978, Hess filed a demand for arbitration, alleging that he had been discharged without just cause and requesting reinstatement.

On September 15, 1979, an arbitrator made the following award: "This matter is arbitrable. Mr. Robert P. Hess was not dismissed for just cause. He shall be reinstated within one week of receipt of this award with no back pay."

The District appealed from the arbitrator's award to the Court of Common Pleas of Bucks County, and that court, by order dated February 29, 1980, set aside the award of the arbitrator and upheld the dismissal of Hess. This appeal followed and we affirm.

Hess raises two questions in this appeal, and the answer to one of those questions is dispositive of the matter.[7] Hess states the critical question thus: "Did the arbitrator correctly rule that the dispute before him was arbitrable?"

In *Leechburg Area School District v. Dale,* Pa. , 424 A.2d 1309 (1981), our Supreme Court held that the review of an arbitrator's decision is highly circumscribed and will not be overturned if it draws its essence from the collective bargaining agreement. The essence test requires a determination as to whether the terms of the collective bargaining agreement encompass the subject matter of the dispute. This holding is totally compatible with the premise that judges should not be hostile to arbitration as an in-

---

[6] Hess participated in the hearings which were held preceding the school board's decision and presented evidence on his behalf. As to election of remedies available to Hess, see *West Middlesex Area School District v. Pennsylvania Labor Relations Board,* 55 Pa. Commonwealth Ct. 404, 423 A.2d 781 (1980).

[7] Not addressed is Hess's claim that the "just cause" standard used in the collective bargaining agreement does not include the grounds for dismissal for a professional employee set forth in the Public School Code.

vader of the exclusive jurisdiction of the courts. This is particularly true when dealing with labor relations problems where arbitration has proved to be a method of settling disputes without resort to strikes or lockouts.

However, courts are not at liberty to require submission to arbitration unless the parties have agreed expressly to do so. A submission to arbitration is essentially a contract with the authority of the arbitrators derived from the mutual assent of the parties to the terms of submission. It is precisely a recognition of this legal maxim that caused our Supreme Court to conclude its opinion in *Leechburg Area School District v. Dale, supra,* as follows: "Our inquiry ends once it is determined that the issue properly defined is within the terms of the agreement." *Id.* at , 424 A.2d at 1313.

In the instant case, the arbitrator stated the key issue for arbitration was whether Robert P. Hess was *dismissed* for just cause, whereas one of the terms of the collective bargaining agreement was that the parties consented to submit to the arbitrator whether an employee has been *disciplined,* reprimanded, or reduced in rank, contractual compensation or contractual advantage without just cause.

Obviously, then, the issue framed by the arbitrator was not properly defined within the terms of the agreement because there is a difference between being dismissed and being disciplined.[8] These two concepts

---

[8] "Discipline," when used as a noun, signifies punishment, retribution, especially in a subordinate; control gained by enforcing obedience or order. As a verb, it means to chastise, to impose a penalty upon, to regulate or govern; whereas, "dismiss" means to cause to leave; to remove from office or employment; discharge. The significant difference is that one dismissed from employment has no ongoing employment relationship, whereas an employee, when disciplined, remains an employee and the employment relationship continues rather than is terminated. Although it has been asserted

defy equating. They are not interchangeable words. There is only one section in the collective bargaining agreement applicable to termination and that is Section 4-1 that reads: "Nothing contained herein shall. supersede the provisions of the School Laws of Pennsylvania, 1949, as amended, or other applicable laws and regulations." It is Section 1122 of the School Code that provides the only valid causes for termination of a professional employee such as Hess.

Section 4-2 of the collective bargaining agreement states that "[a]n employee will not be disciplined, reprimanded, [or] reduced in rank, contractual compensation or contractual advantage without just cause." Since the arbitrator is limited to the terms of the agreement, *Leechburg Area School District v. Dale, supra,* and here the parties to the agreement have not included the matter of dismissal or termination of employment as being subject to the "just cause" standard and arbitration, we must conclude that the propriety of Hess's dismissal was not within the terms of the collective bargaining agreement and therefore this issue was not arbitrable.

Order affirmed.

### ORDER

AND Now, this 29th day of April, 1981, the order of the Court of Common Pleas of Bucks County, dated February 29, 1980, setting aside the award of the arbitrator and upholding the dismissal of Robert P. Hess as a tenured professional employee of Neshaminy School District is hereby affirmed.

Judge WILKINSON, JR., did not participate in the decision in this case.

---

in this appeal that there is no real difference, since dismissal is only the ultimate form of discipline, the incorrectness of such an assertion becomes readily apparent to the individual involved on each payday.