William Derrick, Petitioner *v.* Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs, Respondent.

544

Argued April 10, 1981, before Judges BLATT, WIL-
LIAMS, JR. and MACPHAIL, sitting as a panel of three.

*John R. Banke,* with him *R. Mark Hunter,* for peti-
tioner.

*Mary Shehadi Wyatte,* Assistant Attorney Gen-
eral, with her *James J. Kutz,* Chief Counsel, and *Har-
vey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 16, 1981:

The petitioner, William Derrick, appeals from an
order of the State Board of Nurse Examiners (Board)
which revoked his license to practice as a registered
nurse.

The petitioner had been a registered nurse for
three years when, on October 26, 1976, while employed
by St. Clair Hospital in Pittsburgh, he was arrested on

charges that he had fraudulently obtained from the hospital a small amount of a controlled substance, morphine sulphate, by listing the names of non-existent patients on hospital requisition forms. He was convicted of theft, misrepresentation, tampering with public records and possession of a controlled substance, all of which are misdemeanors under The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-101 et seq., and he received a suspended sentence. At the suspension hearing before the Board, the petitioner stipulated to the facts surrounding his conviction and admitted that he had fraudulently obtained the controlled substance.

The Board revoked the petitioner's license pursuant to Section 14(4) of the Professional Nursing Law (Nursing Law), Act of May 22, 1951, P.L. 317, *as amended,* 63 P.S. §224(4), which provides that the Board may suspend or revoke a license where the Board finds that "[t]he licensee has committed fraud or deceit in the practice of nursing. . . ." This appeal followed, and we affirm the Board.

The Board's finding of fraudulent conduct is clearly based on substantial evidence. The petitioner admitted that he had misappropriated morphine sulphate and he stipulated that he had been convicted of that offense.

The petitioner contends that his conduct did not constitute fraud "in the practice of nursing" because he did not use the names of actual patients to obtain the drugs and because his conduct did not affect the health care of any patients. We have recently held, however, that the statutory proscriptions against fraud in the practice of a health profession are not limited to conduct directly affecting the care of patients, but encompass "all aspects of professional con-

duct." *Catena v. State Board of Medical Education and Licensure,* 49 Pa. Commonwealth Ct. 542, 546, 411 A.2d 869, 871 (1980) (quoting *State Dental Council and Examining Board v. Friedman,* 27 Pa. Commonwealth Ct. 546, 551, 367 A.2d 363, 366 (1976)). The petitioner here fraudulently exploited his professional position as a nurse to obtain a controlled substance and this conduct clearly constitutes fraud in the practice of nursing, for which the Board may properly revoke the petitioner's license.

ORDER

AND Now, this 16th day of July, 1981, the order of the State Board of Nurse Examiners in the above-captioned case is affirmed.