551 A.2d 396

Mifflin County School District v. Linda A. Lutz et al. Linda A. Lutz and The Association of Mifflin County Educators, Appellants.

Argued October 31, 1988, before Judges CRAIG and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Priscilla M. Walrath, Walrath & Coolidge,* for appellants.

*Norman L. Levin, Brugler & Levin,* for appellee.

OPINION BY JUDGE CRAIG, December 14, 1988:
This is an appeal from an order of the Court of Common Pleas of Mifflin County which stayed arbitration proceedings and enjoined Linda A. Lutz, the Association of Mifflin County Educators and the American Arbitration Association from proceeding to arbitration of the dismissal of Lutz from her teaching position.

The Mifflin County School District employed Lutz as a temporary professional employee. On April 6, 1987, the school district terminated her employment, citing an unsatisfactory rating as the cause for dismissal.

Lutz had her collective bargaining unit representative, the Association of Mifflin County Educators (AMCE), file a grievance on her behalf. AMCE pursued the grievance through the first five steps prescribed by the relevant collective bargaining agreement (agree-

ment). Upon having the grievance denied at all steps, AMCE requested that the matter be submitted to arbitration. The school district then filed an action in equity before the common pleas court, asking the court to enjoin Lutz, AMCE and the American Arbitration Association from proceeding to arbitration. Pursuant to the Uniform Arbitration Act, 42 Pa. C. S. §7304(b), the trial court granted the school district's request, giving rise to this appeal.

The general question to be decided is whether the collective bargaining agreement includes dismissals *based on ratings* when the agreement directs that grievances proceed through a six-step procedure culminating with binding arbitration. The subject of "dismissal" is not specifically addressed in the agreement between the school district and AMCE.

Section 1108 of the Public School Code of 1949 (Code)[1] provides that "[n]o temporary professional employee shall be dismissed unless rated unsatisfactory." Furthermore, an unsatisfactory rating given in accordance with section 1123 of the Code, 24 P.S. §11-1123, "is the only prerequisite necessary for dismissal" of a temporary professional employee. *Nicolella v. Trinity Area School Board,* 444 Pa. 544, 550, 281 A.2d 832, 835 (1971).

Moreover, section 10-2(A) of the agreement here states that "*a claim involving application of* established Board policy or *teacher ratings,* not explicitly contained in this agreement, may be processed through the grievance procedure herein provided, up to the Board Level (Step V), but *shall not be subject to arbitration* (Step VI)." (Emphasis added.) However, Lutz contends that her dismissal was an act of discipline falling under sec-

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1108.

tion 6-1 of the agreement which reads that "[n]o professional employee shall be disciplined or reprimanded in writing or reduced in rank or compensation without just cause."

The Supreme Court has held that the term "discipline" contained in a collective bargaining agreement does not necessarily include dismissal in light of the terminology of the Code, an interpretation which is underscored when another section in a collective bargaining agreement makes explicit reference to "dismissal". *Neshaminy Federation of Teachers v. Neshaminy School District*, 501 Pa. 534, 462 A.2d 629 (1983).

Although the agreement in this case does not refer separately to "dismissal," the issue here involves a dismissal based strictly on ratings. Even if we were to assume that "discipline" included "dismissal" in this case (which we do not hold), Lutz still must confront section 10-2(A) which unambiguously states that "a claim involving . . . teacher ratings . . . shall not be subject to arbitration. . . ."

Lutz argues that, under a Code amendment enacted after *Neshaminy*, arbitration became an available remedy here because section 1133 of the Code[2] concludes with the statement that "[p]rofessional employees shall have the right to file a grievance under the collective bargaining agreement or request a hearing pursuant to section 1121 through 1132, but not both." However, that alternative, as now allowed by law, cannot be applicable here because the agreement stipulates that arbitration is not an available remedy when the dispute is over teacher ratings.

Finally, 42 Pa. C. S. §7304(b) states that "the court may stay an arbitration on a showing that there is no

---

[2] Added by section 4 of the Act of June 29, 1984, P.L. 438, 24 P.S. §11-1133.

agreement to arbitrate." Based on the fact that the relevant agreement expressly prohibits arbitration as a potential remedy for disputed teacher ratings, the trial court had authority to stay the arbitration.

Lutz contends that arbitration is available because an arbitrator must determine the scope of the grievance procedure in view of the question of interpreting the meaning of "discipline" in the agreement. However, although a dismissal might arguably be regarded as disciplinary action falling under the "just cause" provision if no other contract language were involved, the agreement's exclusion of rating issues from arbitration is not ambiguous and therefore requires no interpretation.

Accordingly, we affirm the decision of the trial court.

## ORDER

Now, December 14, 1988, the order of the Court of Common Pleas of Mifflin County, at No. 813, dated August 28, 1987, is affirmed.