587 A.2d 25

**In re Grievance by Robert W. GLOVER.**

**Appeal of Robert W. GLOVER and the Interboro Education Association, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1990.

Decided Jan. 29, 1991.

Reargument Denied March 25, 1991.

430

Leonard V. Tenaglia, with him, Alexander A. DiSanti, Richard, DiSanti, Hamilton & Gallagher, Media, for appellants.

Thomas L. Kelly, Media, for appellee.

Before COLINS and KELLEY, JJ., and BARBIERI, Senior Judge.

KELLEY, Judge.

The Interboro Education Association (association) and Robert W. Glover (Glover) appeal from an order of the Court of Common Pleas of Delaware County enjoining arbitration of a grievance sought by Glover pursuant to Section 903 of the Public Employee Relations Act of 1970 (PERA).[1] We affirm.

Glover has been employed by the Interboro School District (district) as a physical education teacher for nineteen years. For fifteen years prior to August of 1989, he also served as head soccer coach, pursuant to a series of year-to-year supplemental contracts. The amount of compensation for the coaching position was determined under the collective bargaining agreement (agreement) between the district and the association.

In August of 1989, Glover's coaching contract was not renewed and a non-teacher was selected to fill the position. Glover filed a grievance pursuant to the procedures set out in the agreement challenging the coaching replacement process. The grievance was processed through the first three steps of the grievance procedure, as required by the agreement. At each step it was denied on the basis that it did not constitute a grievable matter.

Glover then appealed the denial of the grievance to step four of the grievance process—arbitration. The district responded that the appeal was untimely and was non-arbitrable, and filed an action in the common pleas court to

1. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301.

enjoin the arbitration. The trial court determined that Glover was not an "employee" as defined by the agreement, and as such had no standing to bring a grievance. The court enjoined Glover from proceeding to arbitration and Glover appealed the injunction.

■ The chief issue before this Court is whether the trial court had jurisdiction to enjoin arbitration. The trial court entered its order based on Section 7304(b) of the Uniform Arbitration Act (UAA), 42 Pa.C.S. § 7304(b), which states:

> **Stay of arbitration.**—On application of a party to a court to stay an arbitration proceeding threatened or commenced the court may stay an arbitration on a showing that there is no agreement to arbitrate. When in substantial and bona fide dispute, such an issue shall be forthwith and summarily tried and determined and a stay of the arbitration proceedings shall be ordered if the court finds for the moving party. If the court finds for the opposing party, the court shall order the parties to proceed with arbitration.

Glover argues that the specific language of PERA operates to deprive the trial court of jurisdiction under the UAA. Section 903 of PERA provides that "[a]rbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory."

This precise issue has been addressed recently in *Middle Bucks Education Association v. Executive Council, Middle Bucks Area Vocational Technical School*, 122 Pa.Commonwealth Ct. 595, 552 A.2d 763 (1989).

In *Middle Bucks*, a professional, tenured employee was dismissed by the council pursuant to the Public School Code of 1949 (Code).[2] The employee did not appeal the dismissal, but rather filed a grievance and attempted to proceed to arbitration. The council maintained that according to the collective bargaining agreement, the Code was the exclusive

2. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101–26–2607.

means of challenging a dismissal. The council requested the trial court to stay the arbitration on the grounds that there was no agreement to arbitrate, which the trial court did. This Court affirmed.

Senior Judge Barbieri, writing for the panel in *Middle Bucks*, reconciled the apparent inconsistency between PERA and the UAA. Observing that since PERA is silent as to who interprets whether the dispute is arbitrable or not while the UAA expressly permits the trial court to stay an arbitration if it determines that there is no agreement to arbitrate the dispute, the court in *Middle Bucks* concluded that the specific language of the UAA must be given effect.

Glover maintains that *Middle Bucks* is inconsistent with our Supreme Court's decisions and must be overruled. A review of these cases, however, convinces us that the result reached in *Middle Bucks* is correct.

In a case involving deduction of union dues from employees' salaries without their authorization, our Supreme Court held that "if a party directly seeks redress of conduct which arguably constitutes one of the unfair labor practices listed in Article XII (Section 1201) of PERA ..., jurisdiction to determine whether an unfair labor practice has indeed occurred and, if so, to prevent a party from continuing the practice is in the PLRB, and nowhere else." *Hollinger v. Department of Public Welfare*, 469 Pa. 358, 365 A.2d 1245 (1976).

The *Hollinger* court went on to determine that the deduction of union dues without authorization, if proved to have occurred, may be an unfair labor practice under PERA and, as such, actions to enjoin such deductions were within the exclusive jurisdiction of the PLRB.

Subsequent decisions of this Court have adhered to and arguably broadened the rule in *Hollinger*. In *East Pennsboro Area School District v. Pennsylvania Labor Relations Board*, 78 Pa.Commonwealth Ct. 301, 309, 467 A.2d 1356, 1359 (1983), we stated that "the Supreme Court has made clear that questions of arbitrability must first be

submitted to an arbitrator and that any refusal to arbitrate a dispute concerning a collective bargaining agreement is per se an unfair labor practice."

Despite this broad language, there is still a threshold question which must be answered prior to applying the *Hollinger* rule; that question being whether an agreement to arbitrate the disputed issue existed in the first instance. As we have held, "courts are not at liberty to require submission to arbitration unless the parties have agreed expressly to do so. The submission to arbitration is essentially a contract with the authority of the arbitrators derived from the mutual assent of the parties to the terms of submission." *Neshaminy Federation of Teachers v. Neshaminy School District*, 59 Pa.Commonwealth Ct. 63, 67, 428 A.2d 1023, 1025 (1981), *aff'd*, 501 Pa. 534, 462 A.2d 629 (1983).

In *East Pennsboro*, we quoted well established law when we stated that "[j]ust as parties can contract to arbitrate certain questions they may also contract not to arbitrate in other areas." 78 Pa.Commonwealth Ct. at 305, 467 A.2d at 1358. Thus, when the agreement itself expressly provided that dismissals based on teacher ratings would not be subject to arbitration, we held that a stay of arbitration was proper. *Mifflin County School District v. Lutz*, 122 Pa. Commonwealth Ct. 112, 551 A.2d 396 (1988).

■ *Middle Bucks* simply applies the UAA to the threshold question of whether an agreement to arbitrate existed. If the court finds that there is no agreement, the UAA allows it to stay arbitration. If, on the other hand, an agreement to arbitrate is found, then Section 903 of PERA requires arbitration and the *Hollinger* line of cases is applicable.

Since we do not view *Hollinger* and *Middle Bucks* as inconsistent, we hold that the trial court had jurisdiction to hear this matter.

■ The question remains whether the trial court in this case was correct in granting the stay. The parties' intent is

evidenced by the agreement and the circumstances surrounding its execution. *Community College of Beaver County v. Society of Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977).

■ The agreement provides that a grievance may be filed by any employee. An "employee" is defined as a classroom teacher, guidance counselor, school librarian, and school nurse.[3] As a coach hired under a supplemental contract, Glover is not an "employee" as defined by the agreement itself, and for this reason alone was not intended to be covered by the agreement.

Additionally, this Court has held as a matter of law that collective bargaining agreements covering professional employees of a school district are inapplicable to supplementary contracts covering teachers performing "outside" duties not within the definition of professional employee in Section 1101(1) of the Code.[4] *Greater Johnstown Area Vo–Tech School v. Education Association*, 57 Pa.Commonwealth Ct. 195, 426 A.2d 1203 (1981).

As the late Justice Musmanno observed, "[t]he person who offers carte blanche to another to enter the temple of arbitration may not later on impose restrictions as to the type of clothing the other person shall wear when he presents himself at the doors of the temple." *Wyoming Radio v. National Association of Broadcast Employees & Technicians*, 398 Pa. 183, 157 A.2d 366 (1960). While this is still true, the parties may certainly agree beforehand as to the type of clothing to be worn, and shirts and shoes may be required by law.

Here, the subject of the supplemental contract at issue is not included in the collective bargaining agreement, and such supplemental contracts have been held to be non-arbitrable. Thus the offer to enter the temple was not carte

3. Reproduced Record (R.) at 83a.
4. Section 1101(1) of the Public School Code of 1949, 24 P.S. § 11–1101(1).

blanche to begin with, and the restrictions imposed by law must be given effect.

Accordingly, the order of the Court of Common Pleas of Delaware County is affirmed.

## ORDER

NOW, this 29th day of January, 1991, the order of the Court of Common Pleas of Delaware County, No. 90–1775, dated April 16, 1990, is affirmed.