644 A.2d 252

**SCHOOL DISTRICT OF BOROUGH OF MORRISVILLE, Appellant,**

**v.**

**MORRISVILLE EDUCATION ASSOCIATION.**

Commonwealth Court of Pennsylvania.

Argued May 12, 1994.

Decided June 15, 1994.

---

Ralf Gilbert, for appellant.

A. Martin Herring, for appellee.

Before KELLEY and NEWMAN, JJ., and KELTON, Senior Judge.

KELLEY, Judge.

Four teachers (grievants)[1] employed by the Morrisville School District (district) and members of the Morrisville Education Association (association) were scheduled to hold various coaching positions with the district during the 1989–90 school year. Grievants voluntarily resigned their coaching positions

---

1. The teachers are Daniel Ciesielski, Bernard Derby, Robert Gilbey and Len Matuza.

for that year as part of a teachers' strike by the association. The district filled the coaching positions for that year with persons who were not members of the association. In the spring of 1990, after the strike had ended, grievants applied for the same coaching positions for the 1990–91 school year which they had previously held. The district denied their applications.

The association filed a grievance alleging that the district's denial of the applications was a violation of the collective bargaining agreement (CBA) entered into by the parties. The board of school directors denied the grievance and, at the association's request, the grievance was submitted to arbitration. An arbitrator determined that the district had violated Article Fifty of the CBA because its actions were a reprisal for grievants having participated in the strike. Article Fifty of the CBA reads in pertinent part:

### NO REPRISALS

The District agrees to take no disciplinary action against any member of the Association for participating in the lawful activities guaranteed employees under Act 195. The Association agrees that the District has the sole right to discipline its employees for violations of District policies as they pertain to normal employee activities and conduct for which the District is responsible. It should not be misconstrued that the Association intends to interfere with historical managerial prerogatives in this regard.

The arbitrator sustained the grievance and decided that grievants were entitled to pay they would have received for the coaching positions in the 1990–91 school year.

The district appealed the arbitrator's decision to the Court of Common Pleas of Bucks County (trial court). The trial court dismissed the appeal and this appeal by the district followed.

■ The district argues that the grievance procedure outlined in the CBA was not available to grievants because the coaching positions are non-professional positions. In support

of this argument the district cites this court's decisions in *Harbor Creek School District v. Harbor Creek Education Association (Harbor Creek I)*, 146 Pa.Commonwealth Ct. 631, 606 A.2d 666 (1992)[2] and *Harbor Creek School District v. Pennsylvania Labor Relations Board (Harbor Creek II)*, 158 Pa.Commonwealth Ct. 396, 631 A.2d 1069 (1993). Both of those cases resulted from the school district's elimination of the position of athletic director, which was a part-time position performed by a member of the bargaining unit, and the creation of an assistant principal position which included the duties of the prior athletic director. The teachers' association filed a grievance alleging that the transfer of work out of the bargaining unit violated the collective bargaining agreement. The teachers' association also filed an unfair labor practice charge alleging that the district was obligated to bargain with the association before transferring work out of the bargaining unit. In *Harbor Creek I* we decided that the grievance was not arbitrable and in *Harbor Creek II* we reversed the finding that an unfair labor practice had occurred. Both of these holdings were based on our conclusion that the athletic director position was a supplemental position not covered by the collective bargaining agreement.

That conclusion in turn was based on our holding in *Greater Johnstown Area Vocational–Technical School v. Greater Johnstown Area Vocational–Technical Education Association*, 57 Pa.Commonwealth Ct. 195, 426 A.2d 1203 (1981), *appeal dismissed*, 497 Pa. 586, 442 A.2d 692 (1982).[3] In *Greater Johnstown*, two teachers alleged in a grievance that the nonrenewal of a supplemental contract under which the teachers acted as Student Congress advisors was a punishment or reprimand without just cause in violation of a collective bargaining agreement provision which stated that "[n]o Professional employee shall be discharged, disciplined, reprimanded, reduced in rank or compensation or deprived of any

**2.** The Supreme Court recently affirmed our decision in *Harbor Creek I* in *Harbor Creek School District v. Harbor Creek Education Association*, 536 Pa. 574, 640 A.2d 899 (1994).

**3.** In its recent *Harbor Creek* opinion, the Supreme Court cited *Greater Johnstown* approvingly.

professional advantage without just cause." This court held that the failure to renew the supplemental contract was not arbitrable under the collective bargaining agreement, because collective bargaining agreements covering professional employees of a school district do not apply to supplementary contracts wherein teachers perform duties not within the realm of professional employees, as defined in section 1101(1) of the Public School Code of 1949.[4]

It is clear under the case law that coaching positions are supplemental positions not covered by a collective bargaining agreement covering professional employees of a school district. *In re Glover*, 137 Pa.Commonwealth Ct. 429, 587 A.2d 25, *petition for allowance of appeal denied*, 528 Pa. 633, 598 A.2d 286 (1991). In *Glover*, this court held that the trial court properly enjoined the arbitration of a grievance resulting from the nonrenewal of a supplemental contract under which a physical education teacher was employed as coach of the soccer team.

The present case is controlled by *Glover* and *Greater Johnstown*. In *Greater Johnstown*, the teachers' supplemental contract was not renewed and the teachers alleged that this violated a collective bargaining provision stating that they could not be reprimanded without just cause. There appears to be no relevant distinction between the facts of that case and the facts of the present case where the teachers allege that their supplemental positions were not returned to them in violation of a CBA provision prohibiting disciplinary action against teachers for participating in a strike. *Glover* established that coaching positions are not covered by a teachers' collective bargaining agreement. In *Greater Johnstown* and *Glover*, the court held that the failure to renew a contract was not arbitrable because the collective bargaining agreement did not apply to the supplemental duties. Similarly, the CBA in the present case does not apply to the coaching positions and

4. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11–1101(1).

the district's denial of grievants' applications for those positions therefore is not arbitrable.

Accordingly, we will reverse the order of the trial court.

## ORDER

NOW, this 15th day of June, 1994, the order of the Court of Common Pleas of Bucks County, dated November 19, 1993, at No. 91–12321–16–6, is reversed.