John C. CARABELLO,
R.Ph., Petitioner

v.

BUREAU OF PROFESSIONAL AND
OCCUPATIONAL AFFAIRS,
Respondent.

Commonwealth Court of Pennsylvania.

Argued June 10, 2005.

Decided July 28, 2005.

Craig M. Kellerman, Norristown, for petitioner.

Carole L. Clarke, Counsel, Harrisburg, for respondent.

BEFORE: FRIEDMAN, J., COHN JUBELIRER, J., and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

John C. Carabello, R.Ph., (Carabello) petitions for review of the October 22, 2004, order of the State Board of Pharmacy (Board), which adopted the proposed adjudication of the Hearing Examiner and suspended Carabello's license to practice pharmacy for one year. We reverse.

Carabello holds a license authorizing him to practice as a pharmacist in the Commonwealth. On July 9, 2003, Carabello pled *nolo contendere* in the court of common pleas to one count of knowingly or intentionally possessing a controlled or counterfeit substance, a misdemeanor violation of section 13(a)(16) of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[1] Carabello received a sentence of one year probation without verdict.[2] (Findings of Fact, Nos. 1–3.)

---

1. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(a)(16).

2. A court may place a person on probation without verdict if the person pleads *nolo contendere* to a nonviolent crime under the Drug Act and the person proves he is drug dependent. Section 17 of the Drug Act, 35 P.S. § 780–117. Upon fulfillment of the terms and conditions of probation, the drug charges are dismissed; the criminal records are expunged; and the dismissal may not be considered a conviction for any purpose whatever, including a license matter. *Id.;* section 19 of

On April 12, 2004, the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs (Bureau) filed a petition for automatic suspension with the Board, alleging that Carabello's license was subject to a maximum one-year suspension under section 23(c) of the Drug Act, 35 P.S. § 780–123(c). That same day, the Board issued a "Notice of Automatic Suspension" (Notice) suspending Carabello's license for a period not to exceed one year, effective May 3, 2004, unless Carabello filed a response and requested a hearing. (Findings of Fact, Nos. 4–5; R.R. at 2.) The Notice stated that any response and hearing shall be limited to the issue of whether Carabello was "convicted" of the alleged offense. (R.R. at 3.)

Carabello filed a response on April 30, 2004, and a hearing was scheduled for May 25, 2004. Carabello requested a continuance, and the hearing was re-scheduled for May 26, 2004. At that hearing, the parties represented that they had reached a consent agreement, and, as a result, the hearing was continued to July 30, 2004. On July 28, 2004, Carabello requested another continuance due to a scheduling conflict, and the hearing was re-scheduled for August 5, 2004. On August 4, 2004, the court of common pleas issued an order expunging the record in Carabello's case. (Findings of Fact, Nos. 6–10.)

On August 5, 2004, the Hearing Examiner conducted the hearing on the suspension. Carabello objected to the admission of common pleas court documents showing his *nolo contendere* plea. His objection was that the record in that case had been expunged the previous day, and, thus, under *Warren County School District v. Carlson,* 53 Pa.Cmwlth. 568, 418 A.2d 810 (1980), the documents were inadmissible. The Hearing Examiner overruled the objection and admitted the documents. Subsequently, Carabello presented as evidence the common pleas court order, which indicated that the criminal charges against Carabello had been dismissed pursuant to section 17 of the Drug Act[3] and directed that the criminal records be expunged. (*See* R.R. at 21.) After considering the matter, the Hearing Examiner issued a proposed order suspending Carabello's license for one year. Carabello filed exceptions, but the Board adopted the proposed order. Carabello now petitions this court for review.[4]

Carabello argues that the Board erred in suspending Carabello's pharmacist license after the court of common pleas ordered the expunction of Carabello's criminal record. We agree.

Section 23(c) of the Drug Act, the basis for the suspension, provides, in pertinent part, as follows:

> The [Board] shall *automatically* suspend, for a period not to exceed one year, the ... license of any practitioner *when the person has pleaded* guilty or *nolo contendere* or has been convicted of a misdemeanor under this act. The district attorney of each county shall immediately notify the appropriate State licensing board of practitioners subject to the provisions of this section. However, the provisions of such *automatic*

the Drug Act, 35 P.S. § 780–119. Any person, except the person arrested or prosecuted, who divulges information from an expunged record will be guilty of a summary offense. 35 P.S. § 780–119(b).

**3.** 35 P.S. § 780–117.

**4.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*suspension may be stayed* by the appropriate State licensing board in those cases *where* a practitioner has violated the provisions of this act only for the *personal use* of controlled substances by the practitioner and the practitioner participates in the impaired professional program approved by the appropriate State licensing board for a period of between three and five years, as directed by the appropriate licensing board. If the practitioner fails to comply in all respects with the standards of such a program, the appropriate licensing board shall immediately vacate the stay of the enforcement of the suspension provided for herein....

35 P.S. § 780–123(c) (emphasis added).

As a preliminary matter, we note that, technically, the Notice did *not automatically* suspend Carabello's license. The Notice stayed any suspension until May 3, 2004, and promised to stay the suspension for a longer and indefinite period of time if Carabello filed a response and requested a hearing. Moreover, although section 23(c) allows for a "personal use" stay, the Notice stated that the only issue that would be considered at Carabello's hearing was whether Carabello was "convicted" of the alleged misdemeanor. Thus, according to the Notice, the Board was not planning to suspend Carabello's license under section 23(c) unless Carabello's *nolo contendere* plea resulted in a conviction.[5] Considering this court's holding in *Carlson*, the Board

should have proceeded in accordance with this portion of its Notice.

In *Carlson*, a teacher pled *nolo contendere* to a drug offense and, like Carabello, received probation without verdict under section 17 of the Drug Act and expunction of the record under section 19 of the Drug Act. The school district, after a hearing, dismissed the teacher for immorality. The teacher filed an appeal with the Secretary of Education, who scheduled a hearing on the matter. On July 6, 1978, the teacher's record was expunged, and, the next day, a hearing was held before a hearing examiner. The parties stipulated at the hearing that the teacher's criminal record had been expunged. After considering the matter, the Secretary of Education reversed the teacher's dismissal because the criminal record, relied upon by the school district at its pre-termination hearing, had been expunged. *Id.*

This court upheld the Secretary of Education's decision because: (1) a *nolo contendere* plea is admissible in subsequent proceedings only after a sentence has been imposed, i.e., a judgment has been entered;[6] (2) no judgment had been entered on the teacher's plea of *nolo contendere;* and (3) thus, it was error for the school district to admit the plea of *nolo contendere* at its pre-termination hearing. *Id.* In addition, this court stated that, because the Secretary of Education was the ulti-

---

**5.** In this regard, Carabello established at the hearing that his *nolo contendere* plea did *not* result in a conviction. The common pleas court expungement order indicates that the charges against Carabello were dismissed under section 17, and, pursuant to section 17, such a dismissal may not be considered a conviction *for any purpose whatever,* including a license matter. 35 P.S. § 780–117.

**6.** This court acknowledged that, under *Baker v. School District of the City of Allentown,* 29 Pa.Cmwlth. 453, 371 A.2d 1028 (1977), and

*State Dental Council and Examining Board v. Friedman,* 27 Pa.Cmwlth. 546, 367 A.2d 363 (1976), a *nolo contendere* plea is admissible in an administrative license proceeding. However, this court distinguished *Baker* and *Friedman,* pointing out that the record was clear in those cases that a sentence had been imposed following the *nolo contendere* plea. Thus, under *Carlson,* a *nolo contendere* plea is admissible in an administrative proceeding *only if it results in the entry of a judgment.*

mate fact finder in the case and because there was a stipulation that the teacher's criminal record was expunged prior to the hearing before the hearing examiner, the Secretary of Education correctly concluded that he had no evidence before him to support a conclusion of immorality.[7]  *Id.*

Here, following *Carlson*, because no judgment had been entered on Carabello's plea of *nolo contendere*, it was error for the Board to admit the plea as evidence at its hearing.  Moreover, because Carabello established at the hearing that his criminal record had been expunged the previous day, as in *Carlson*, the Board had no evidence before it to support a conclusion that Carabello pled *nolo contendere* to a misdemeanor drug offense.

The Board argues that this case is controlled by *Horvat v. Department of State Professional and Occupational Affairs*, 128 Pa.Cmwlth. 546, 563 A.2d 1308 (1989), rather than *Carlson*.  We disagree.

In *Horvat*, a physician pled *nolo contendere* to two felony drug offenses and received two consecutive twelve-month sentences of probation without verdict under section 17 of the Drug Act.  Without a hearing, or the opportunity for a hearing, the State Board of Medicine suspended the physician's license pursuant to section 40(b) of the Medical Practice Act of 1985 (MPA).[8]  The physician filed a petition for review with this court, arguing that the plea of *nolo contendere* does not constitute a "conviction" under *Carlson* because, if the physician completes his probationary period, the charges will be dismissed and his record will be expunged.  This court held that *Carlson* did not apply because the physician's record had not yet been expunged.  This court explained that the board "cannot be required to wait until the completion of the physician's probationary period to decide if the physician's continued medical practice presents a risk to the citizens of this Commonwealth."  *Horvat*, 563 A.2d at 1310.

Here, unlike the situation in *Horvat*, Carabello's criminal record has been expunged; therefore, *Carlson does* apply.  Moreover, the Board in this case was *not required to wait* until the completion of Carabello's probationary period to decide whether to suspend his license.  From the moment the Board issued its Notice to Carabello, the Board *chose to wait* by staying the suspension until May 3, 2004, and then by staying the suspension for a longer period after Carabello filed a response and requested a hearing.  Finally, the question before us here is whether Carabello's *nolo contendere* plea was admissible at the hearing before the Hearing Examiner, but, as indicated above, there was no hearing in *Horvat* under section 40(b) of the MPA.[9]  Thus, this issue was never addressed in that case.

Accordingly, we reverse.

7.  In other words, as a matter of law, the expunged criminal record did not exist.

8.  Act of December 20, 1985, P.L. 457, *as amended*, 63 P.S. § 422.40(b).  Section 40(b) of the MPA provides that a license shall automatically be suspended upon the "conviction" of a felony under the Drug Act, and the term "conviction" includes a plea of *nolo contendere*.

9.  We note that section 7(d.2) of the Pharmacy Act, Act of September 27, 1961, P.L. 1700, *as amended*, 63 P.S. § 390–7(d.2), is similar to section 40(b) of the MPA, requiring the automatic suspension of a pharmacist license for a felony "conviction" under the Drug Act, where the term "conviction" includes a *nolo contendere* plea.  If Carabello had been convicted of a felony drug offense, instead of misdemeanor, and if the Board had automatically suspended Carabello's license under section 7(d.2) of the Pharmacy Act, instead of section 23(c) of the Drug Act, then *Horvat* might apply.

*ORDER*

AND NOW, this 28th day of July, 2005, the order of the State Board of Pharmacy, dated October 22, 2004, is hereby reversed.