536 A.2d 483

West Shore School District, Appellant *v.* West Shore Education Association, Appellee.

Argued November 19, 1987, before Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Thomas A. Beckley,* with him, *Jeffrey W. Davis, Beckley & Madden,* for appellant.

*Thomas W. Scott, Killian & Gephart,* for appellee.

OPINION BY SENIOR JUDGE KALISH, January 26, 1988:

Appellant, West Shore School District (School District), appeals an order of the Court of Common Pleas of Cumberland County which sustained the arbitrator's award in a grievance proceeding pursued by appellee, West Shore Education Association (Association). We affirm.

The Association, which is the collective bargaining unit of the school teachers, entered into a collective bargaining agreement (agreement) with the School District. The Association filed this grievance on behalf of employees who were hired at what the Association be-

lieved to be improper starting salaries under the wage provisions of the agreement. The agreement consists of seven different salary schedules. We are concerned here with the one called Bachelor's salary schedule which consists of twenty-one steps. Each step contains a specified salary, except step one, which specifies no salary and is left blank. The salary of step two is specified to be $16,100, and each step progresses to a higher salary.

The agreement also provides that at the time of initial employment, the employee and the School District shall agree upon the salary step upon which the employee is placed. The School District and Alfred Quigley, a music teacher with a Bachelor's degree, fixed his initial salary at $14,300. The Association claims that Quigley should have been started at $16,000.

The agreement provides for a grievance procedure in the event of a misunderstanding of any of the provisions. It states that the decision of the arbitrator shall be final and binding, and that the arbitrator shall not modify the terms of the agreement.

Pursuant to section 903 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.903, an arbitrator was appointed. He sustained the Association's grievance and held that the School District violated the agreement when it hired Quigley at $14,300. the common pleas court affirmed the decision of the arbitrator. There is no contention that the proper grievance procedure was not followed.

What the School District does contend is that the arbitration is governed by section 7302(d)(2) of the Uniform Arbitration Act, 42 Pa. C. S. §7302(d)(2), wherein it is provided that the decision of the arbitrator must be examined to determine whether it is "deemed final." This is based on the proviso that an arbitrator's award must be set aside where he exceeded his authori-

ty, where the award is contrary to law, or where the court would have entered a different judgment or judgment N.O.V.

Section 903 of PERA, 43 P.S. §1101.903, recognized the need for quick finality of labor disputes in the public sector provided that such awards shall be final and binding. It mandates arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement. While the procedure to be used under the PERA is a proper subject of negotiating, the final step, as here, must provide for a binding decision. Any decision of the arbitrator made pursuant to this section is deemed binding as soon as the decision is made. *Pennsylvania Labor Relations Board v. Commonwealth,* 478 Pa. 582, 387 A.2d 475 (1978).

Our scope of review is highly circumscribed. The award of the arbitrator will not be disturbed if it draws its essence from the collective bargaining agreement. As soon as it is determined that the issue is within the terms of the agreement, our scope of review ends. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981).

The arbitrator, in an attempt to determine the intention of the parties, reviewed the format of the document, the language used therein, the conduct of the parties, and the circumstances surrounding the execution of the agreement. He found from the credible evidence that the Association was provided with no reason to know the meaning attached to the salary schedule by the School District. The arbitrator found that this conclusion was consistent with the conduct and words of the School District's chief negotiator and other bargaining representatives, and that the School District knew or should have known the meaning attached to the salary schedule but was negligent in not ascertaining the

Association's understanding of the schedule. He held that there was a material misunderstanding between the parties and that a reasonable interpretation of the agreement is that the School District was required to place a newly hired employee on a step which has an articulated salary. He decided the issue by drawing the essence from the collective bargaining agreement.

Accordingly, we affirm the trial court.

ORDER

NOW, January 26, 1988, the order of the Court of Common Pleas of Cumberland County, No. 1891 Civil 1986, dated October 27, 1986, is affirmed.