606 A.2d 666

**HARBOR CREEK SCHOOL DISTRICT, Appellant,**

v.

**HARBOR CREEK EDUCATION ASSOCIATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1992.

Decided March 30, 1992.

Richard W. Perhacs, for appellant.

John J. Barber, for appellee.

Before PALLADINO and KELLEY, JJ., and SILVESTRI, Senior Judge.

## OPINION

SILVESTRI, Senior Judge.

Harbor Creek School District (District) appeals an order of the court of common pleas of Erie County (trial court) which granted Harbor Creek Education Association's (Association) Motion to Quash Application for Vacation of Arbitration Award.

At issue in this appeal is the substantive arbitrability of the District's transfer of duties to non-bargaining unit personnel. The history pertinent to this transfer of duties is as follows. The District maintains a program of extracurricular and non-instructional activities, a portion of which involves an athletic program. The athletic program was historically overseen by an "athletic director" who was also a professional employee and a member of the bargaining unit represented by the Association. The scope of the extracurricular program grew over time and a need developed for the athletic director position to assume added responsibility. On August 1, 1984, the District issued a revised description for the position of "athletic director." The new description was posted the next day. The Association responded by filing a grievance over the new job description. On May 23, 1985, an arbitrator sustained the grievance and advocated negotiation by the parties to modify the description of athletic director. At a meeting on June 9, 1989, the Board of School Directors approved a resolution to create the position of an Assistant Principal for Student and Supplemental Activities. This new position would, *inter alia,* include all of the duties for which the part-time athletic director had previously been responsible. The following week, the District informed the Association

that the athletic director position previously performed by a full-time professional employee, Mr. O'Neil, had been eliminated and the position of Assistant Principal created. Mr. O'Neil, the previous athletic director, was appointed to the newly created position and left the bargaining unit to assume the full-time responsibilities of the new position.

The Association responded by filing another grievance which alleged that elimination of the supplemental contract position of athletic director, and commensurate transferring of bargaining unit work to a non-bargaining unit individual, violated the collective bargaining agreement. After a hearing on December 5, 1989, an arbitrator found the grievance arbitrable and sustained it on the merits. Following the award of the arbitrator sustaining the grievance, the District filed an Application for Vacation of Arbitration Award with the trial court on the basis that the subject matter of the hearing was not arbitrable and should be vacated.

The sole issue presented for our consideration is whether the trial court erred in concluding the grievance was arbitrable.

The Association requests that this Court affirm the order of the trial court and advises that the District is confusing the position of assistant principal with the responsibilities and duties of the athletic director position. The Association maintains that the District failed to recognize the distinction between a decision to permanently eliminate the position and the decision to replace the position by a transfer of job responsibilities which, in contravention of the collective bargaining agreement, unilaterally removes duties once performed by bargaining unit members. Thus, asserts the Association, because of the narrow scope of review afforded the judiciary in arbitration award determinations, this Court is constrained to affirm the arbitrability of the grievance.

The District argues it is explicit in the collective bargaining agreement that the grievance procedure is available to professional personnel only. The District asserts that when working under the supplemental athletic director contract, Mr. O'Neil was not acting as a teacher, nor was he a

professional employee. Further the District urges that even though the salary schedule for the athletic director position was contained in the collective bargaining agreement, contractual grievance procedures do not apply to supplemental positions.

The collective bargaining agreement herein specifically states that it covers professional employees. We have held as a matter of law, citing *Greater Johnstown Area Vocational–Technical School v. Greater Johnstown Area Vocational–Technical Education Association,* 57 Pa.Commonwealth Ct. 195, 426 A.2d 1203 (1981), that collective bargaining agreements covering professional employees of a school district do not apply to supplementary contracts wherein teachers perform duties not within, but additional to, the realm of professional employees as defined in the Public School Code of 1949 (Code).[1] *In re Grievance by Glover,* 137 Pa.Commonwealth Ct. 429, 587 A.2d 25 (1991). In so holding, we are cognizant of previous judicial recognition allowing greater flexibility in the selection of athletic coaches than is allowed in the hiring and firing of teachers. *Greater Johnstown.* We have also determined that teachers acting in extracurricular capacities are not professional employees as defined in the Code. *Moriarta v. State College Area School District,* 144 Pa.Commonwealth Ct. 359, 601 A.2d 872 (1992); *In re Glover; Greater Johnstown.*

These principles apply with equal force to the District's transfer of duties from the previous athletic director position to the presently existing assistant principal position. The athletic director position was a supplementary agreement as to which any dispute is non-arbitrable. Additionally, though a professional employee, when Mr. O'Neil per-

---

1. 24 P.S. § 11–1101(1). Section 1101(1) provides:

(1) The term "professional employe" shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

formed the extracurricular duties of the prior athletic director position, he was not acting within the capacity of a professional employee and would be precluded from resolving disputes through grievance proceedings.

Accordingly, we reverse the trial court.

## ORDER

AND NOW, this 30th day of March, 1992, the order of the Court of Common Pleas of Erie County is reversed.