631 A.2d 1069

HARBOR CREEK SCHOOL DISTRICT, Appellant,

v.

PENNSYLVANIA LABOR RELATIONS BOARD and
Harbor Creek Education Association, Appellees.

Commonwealth Court of Pennsylvania.

Argued March 3, 1993.

Decided Sept. 13, 1993.

Richard W. Perhacs, for appellant.

Petr Lassi, for appellee PA Labor Relations Bd.

John J. Barber, for intervenor Harbor Creek Educ. Ass'n.

Before DOYLE, PALLADINO, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

KELLEY, Judge.

Harbor Creek School District (district) appeals from an order of the Court of Common Pleas of Erie County (trial court) which affirmed an order of the Pennsylvania Labor Relations Board (PLRB) concluding that the district had committed an unfair labor practice under sections 1201(a)(1) and (5) of the Public Employe Relations Act (PERA).[1] The unfair labor practice charge had been filed by the Harbor Creek Education Association (association), the bargaining representative for the teachers employed by the district. We reverse.

This court has already visited this matter in the context of a grievance arbitration in *Harbor Creek School District v. Har-*

---

1. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.1201(a)(1) and (5).

bor Creek Education Association, 146 Pa.Commonwealth Ct. 631, 606 A.2d 666, *petition for allowance of appeal granted,* 532 Pa. 667, 616 A.2d 987 (1992) (*Harbor Creek I* ). We will summarize that case and review the underlying facts of this matter by beginning with the facts as stated in *Harbor Creek I:*

> The District maintains a program of extracurricular and non-instructional activities, a portion of which involves an athletic program. The athletic program was historically overseen by an "athletic director" who was also a professional employee and a member of the bargaining unit represented by the Association. The scope of the extracurricular program grew over time and a need developed for the athletic director position to assume added responsibility. On August 1, 1984, the District issued a revised description for the position of "athletic director." The new description was posted the next day. The Association responded by filing a grievance over the new job description. On May 23, 1985, an arbitrator sustained the grievance and advocated negotiation by the parties to modify the description of athletic director. At a meeting on June 9, 1989, the Board of School Directors approved a resolution to create the position of an Assistant Principal for Student and Supplemental Activities. This new position would, *inter alia,* include all of the duties for which the part-time athletic director had previously been responsible. The following week, the District informed the Association that the athletic director position previously performed by a full-time professional employee, Mr. O'Neil, had been eliminated and the position of Assistant Principal created. Mr. O'Neil, the previous athletic director, was appointed to the newly created position and left the bargaining unit to assume the full-time responsibilities of the new position.

*Id.* at 632–33, 606 A.2d at 667.

The association filed a second grievance alleging that elimination of the supplemental contract position of athletic director and the transferring of the work to a non-bargaining unit individual violated the collective bargaining agreement.

An arbitrator sustained the grievance and the district filed an application for vacation of arbitration award with the trial court. The trial court granted the association's motion to quash the application. On appeal, this court reversed the trial court, holding that any dispute over the athletic director duties was not arbitrable through grievance proceedings because Mr. O'Neil was not acting within the capacity of a professional employee when performing the extracurricular duties of the prior athletic director position and the collective bargaining agreement at issue specifically states that it covers professional employees.

In addition to the grievances filed, the association also filed the unfair labor practice charge with the PLRB which is the subject of the present appeal. After a hearing was held before a hearing examiner, the hearing examiner issued a proposed decision and order (PDO) in which he found that the district had transferred the work of athletic director to the newly created position without having bargained with the association. The hearing examiner concluded that this constituted an unfair labor practice. After exceptions were filed to the PDO by the district, the PLRB issued a final order dismissing the exceptions and affirming the PDO. The district then appealed to the trial court which affirmed the PLRB. This appeal followed.

On appeal, the district argues that (1) it had no duty to bargain with a bargaining unit of professional employees over the assignment of what are non-professional duties, and (2) the association waived any right to bargain by not demanding that the district bargain over the assignment of such duties.

With respect to its first argument, the district begins by citing *Greater Johnstown Area Vocational–Technical School v. Education Association,* 57 Pa.Commonwealth Ct. 195, 426 A.2d 1203 (1981), in which this court reversed a trial court order affirming an arbitrator's decision which sustained a grievance filed by two teachers. The teachers alleged in their grievance that the nonrenewal of a supplemental contract

under which the teachers acted as Student Congress advisors was a punishment or reprimand without just cause.

The court in *Greater Johnstown* held that the nonrenewal of the supplemental contract was not an arbitrable topic under the collective bargaining agreement which applied only to professional employees.[2] The court noted that advisors are not professional employees under § 1101(1) of the Public School Code of 1949 (Code),[3] and the court also cited § 702 of PERA[4] which states that public employers shall not be required to bargain over matters of inherent managerial policy, including the selection and direction of personnel.

The district also cites *In re Glover,* 137 Pa.Commonwealth Ct. 429, 587 A.2d 25, *petition for allowance of appeal denied,* 528 Pa. 633, 598 A.2d 286 (1991), in which this court affirmed a trial court order enjoining arbitration of a grievance filed by Glover because of the nonrenewal of his supplemental contract to coach the soccer team. The court noted that, in his capacity as a coach, Glover was not an employee as defined by specific language in the collective bargaining agreement. The court also cited *Greater Johnstown* in stating that collective bargaining agreements covering professional employees of a school district are inapplicable to supplementary contracts covering teachers performing outside duties not within the definition of professional employee in the Code.

In its brief, the PLRB notes that the cases relied on by the district did not arise in the context of an unfair labor practice charge and the PLRB attempts to distinguish the cases on that basis. The PLRB also cites several cases for the proposition that an employer commits an unfair practice if it fails to

2. We reached a similar conclusion in a case filed shortly before *Greater Johnstown, Ringgold School District v. Abramski,* 57 Pa.Commonwealth Ct. 33, 426 A.2d 707 (1981), in which we held that the issue of the termination of a teacher's supplemental contract to be head football coach was not a proper subject for arbitration under the collective bargaining agreement because the teacher's employment as head football coach was not as a professional employee. The court in *Greater Johnstown* did not cite *Abramski.*

3. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1101(1).

4. 43 P.S. § 1101.702.

bargain with the employee representative before removing work from the bargaining unit and transferring it to persons outside the unit. *Pennsylvania Labor Relations Board v. Mars Area School District,* 480 Pa. 295, 389 A.2d 1073 (1978); *Commonwealth v. Pennsylvania Labor Relations Board,* 130 Pa.Commonwealth Ct. 426, 568 A.2d 730 (1990), *petition for allowance of appeal denied,* 527 Pa. 625, 592 A.2d 46 (1991); *Midland Borough School District v. Pennsylvania Labor Relations Board,* 126 Pa.Commonwealth Ct. 537, 560 A.2d 303 (1989), *petition for allowance of appeal denied,* 525 Pa. 651, 581 A.2d 576 (1990); *Commonwealth v. Pennsylvania Labor Relations Board,* 125 Pa.Commonwealth Ct. 114, 557 A.2d 1112 (1989), *petition for allowance of appeal denied,* 525 Pa. 587, 575 A.2d 117 (1990); *Youngwood Borough Police Department v. Pennsylvania Labor Relations Board,* 114 Pa.Commonwealth Ct. 445, 539 A.2d 26 (1988), *petition for allowance of appeal denied,* 522 Pa. 599, 562 A.2d 323 (1989); *City of Clairton v. Pennsylvania Labor Relations Board,* 107 Pa.Commonwealth Ct. 561, 528 A.2d 1048 (1986).

We note that none of the cases cited by the PLRB involves professional employees performing supplementary or extracurricular activities. In the only case cited involving teachers, *Midland Borough,* this court held that a school district's resolution to send all of its students in grades 7–12 to a neighboring school district for their public education is equivalent to contracting out bargaining unit work and is therefore a subject for collective bargaining. Of course, the case involved the performance of the teachers' *professional* duties by persons outside of the bargaining unit.

We disagree with the PLRB's position that the district's actions constituted the removal of bargaining unit work without bargaining because we do not believe the prior duties of the athletic director constituted bargaining unit work. Regardless of the fact that the cases cited by the district involved grievance arbitration and not unfair labor practices, the cases stand for the proposition that supplemental activities by professional employees which do not fall within the definition of professional employee in the Code are

not covered by a collective bargaining agreement relating to professional employees. We have a prior holding in this matter in *Harbor Creek I* that the prior athletic director position was a supplemental position not covered by the collective bargaining agreement. Because the duties of athletic director were not covered by the collective bargaining agreement, they cannot be bargaining unit work. The district therefore did not transfer bargaining unit work out of the bargaining unit and the district was under no obligation to bargain before taking the action it took.

Accordingly, we will reverse the order of the trial court.[5]

## ORDER

NOW, this 13th day of September, the order of the Court of Common Pleas of Erie County, dated September 24, 1991, at No. 3678–A–1990, is reversed.

---

5. Because of our disposition of the district's first issue, we need not address whether the association waived any right to bargain.