**BRADFORD AREA SCHOOL DISTRICT, Appellant,**

v.

**BRADFORD AREA EDUCATION ASSOCIATION.**

**BRADFORD AREA SCHOOL DISTRICT,**

v.

**BRADFORD AREA EDUCATION ASSOCIATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 20, 1995.

Decided Aug. 15, 1995.

---

Frederick W. Gallup for appellant/appellee Bradford Area School Dist.

William A. Hebe for appellee/appellant Bradford Area Educ. Ass'n.

Before COLINS, President Judge, and DOYLE, J., NARICK, Senior Judge.

COLINS, President Judge.

Bradford Area School District (School District) and Bradford Area Education Association (Association) appeal the decision of the Court of Common Pleas of McKean County (Common Pleas) sustaining the School District's appeal and setting aside an arbitrator's decision in favor of the Association. We affirm.

This case involves opposing interpretations of the collective bargaining agreement between the School District and the Association for the years 1990 to 1996. The agreement sets forth salary schedules corresponding to educational achievement or certification: bachelor's degree, master's degree/master's equivalency, master's degree plus 12 graduate credits, master's degree plus 24 graduate credits, and master's degree plus 36 graduate credits. Employees were to be placed on the appropriate salary schedule in accordance with degree held, where they were to remain until they provided sufficient evidence (e.g., transcript, certificate) that the placement should be adjusted.

The salary schedules went into effect in August 1991 for the 1991–1992 school year. As the School District began the process of placing employees into the various schedules, disagreement arose as to eligibility for the Master's Plus schedules. In August of 1991, the Association filed Grievance 914, on behalf of five named employees and others similarly

situated, protesting the School District's proposed placement of employees into the schedules. That grievance proceeded through the superintendent level, where it was denied. The Association did not file an appeal to the Board of Education within the time prescribed in the agreement.

After the first pay period of the 1991–92 school year, Grievances 916 through 920 and 926 (collectively, later-filed grievances) were filed by individual employees, which were processed through the grievance procedure. Thereafter, the School District refused to submit the grievances to arbitration asserting that the Association's failure to pursue Grievance 914 forestalled the possibility of arbitrating later-filed grievances dealing with the same issue. The Association filed a charge of unfair labor practices with the Pennsylvania Labor Relations Board (PLRB), which directed that the parties submit the later-filed grievances to arbitration.

Before the arbitrator, the School District took the position that for placement in the Master's Plus categories, only graduate credits earned after attainment of a master's degree would be considered. The Association interpreted the agreement to mean that any graduate credits earned in addition to those required for a master's degree should be considered, whether the credits were earned before or after the master's degree. The arbitrator reasoned that Grievance 914 was filed prematurely because no grievable event occurred until after the employees had received a paycheck under the objectionable placement. Based on that reasoning, the arbitrator found the later-filed grievances were timely filed and arbitrable. On appeal, Common Pleas set aside the arbitrator's decision, finding that the doctrine of res judicata and the Association's failure to appeal Grievance 914 foreclosed arbitration of the later-filed grievances.

 In an appeal from the decision of an arbitrator, our review is highly circumscribed, and the arbitrator's decision will not be overturned if it draws its essence from the collective bargaining agreement. *Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981). As applied, the "essence test" looks to whether the arbitrator's interpretation can be rationally derived from the agreement in light of its language, context, and other indicia of the parties' intent. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 593–94, 375 A.2d 1267, 1275 (1977) (quoting *Ludwig Honold Manufacturing Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969)).

 "Issue preclusion, traditionally known as collateral estoppel or broad res judicata, 'forecloses re-litigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment.'" *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 142 Pa.Commonwealth Ct. 176, 187, 597 A.2d 182, 188 (1991), *reversed on other grounds*, 534 Pa. 327, 632 A.2d 1302 (1993) (quoting *City of Pittsburgh v. Zoning Board of Adjustment*, 522 Pa. 44, 55, 559 A.2d 896, 901 (1989)). As we stated in *Hebden*, issue preclusion prevents relitigation of an issue in a later action based on a claim different from that previously asserted. Once an issue has been decided and remains substantially the same factually and legally, it cannot be relitigated. Issue preclusion does not require an identity of the parties between the two actions.

 In the context of grievance resolution under the terms of a collective bargaining agreement, when a grievance has been submitted and no appeal is taken to the next level, the issue is resolved and binding pursuant to the terms of the collective bargaining agreement. *Moshannon Valley School District v. Pennsylvania Labor Relations Board*, 142 Pa.Commonwealth Ct. 270, 597 A.2d 229 (1991).[1] In the instant case, the collective bargaining agreement provides for a four-step grievance procedure ending with

---

1. Although we have never given preclusive effect to a prearbitration grievance decision, our recent decision in *School District of Philadelphia v. Philadelphia Federation of Teachers*, 168 Pa.Commonwealth Ct. 671, 651 A.2d 1152 (1994), recognizes that for the sake of stability in collective bargaining relations, an arbitrator must accept a prior arbitration decision interpreting an identical contract provision in a subsequent arbitration involving the same parties.

arbitration. It also provides that failure at any step to appeal a grievance within the specified time limits will be deemed an acceptance of the decision rendered at that step and constitutes a waiver of any future appeal concerning that particular grievance. Because the Association did not appeal Grievance 914 to step three within the specified time limit, the decision at step two became final.

 As the trial court noted, the grievance statements and relief sought in all of the later-filed grievances were identical to those stated in Grievance 914, and the later grievances were filed by and for employees represented by the named grievants in Grievance 914. The parties were the same, and the issues raised and decided in Grievance 914 were identical to those raised in the later grievances. The final and binding resolution of Grievance 914 precluded the later-filed grievances raising the issue of the School District's denial of placement in the Master's Plus salary schedule when the employee has not earned a master's degree.

The inclusion of the grievance waiver provision in the collective bargaining agreement supports our application of issue preclusion in this case. The waiver provision would be rendered meaningless if employees, once represented by the named grievants in Grievance 914, were later permitted to proceed with new, identical grievances and obtain a different result. Accordingly, we find that the arbitrator's decision to proceed with the later-filed grievances was in error, and we affirm the trial court's decision in this matter.

Although both the School District and the Association appealed the decision of the trial court, only the Association was aggrieved by the decision. As the prevailing party below, the School District is not aggrieved and has no standing to appeal. Pa.R.A.P. 501. "Mere disagreement with the ... legal reasoning [of the trial court] ... does not confer standing [to appeal]." *Middletown Township v. Pennsylvania Public Utility Commission*, 85 Pa.Commonwealth Ct. 191, 210, 482 A.2d 674, 685 (1984). As the School District could not appeal, its cross appeal must be quashed.

***ORDER***

AND NOW, this 15th day of August, 1995, the appeal of the Bradford Area School District, docketed at No. 2848 C.D. 1994, is quashed.

In the appeal of the Bradford Area Education Association, docketed at No. 2755 C.D. 1994, the decision of the Court of Common Pleas of McKean County is affirmed.