## CRANBERRY AREA SCHOOL DISTRICT, Appellant,

### v.

## CRANBERRY EDUCATION ASSOCIATION.

Commonwealth Court of Pennsylvania.

Argued March 16, 1998.

Decided June 18, 1998.

Mark J. Kuhar, Erie, for appellant.

John P. Jones, Edinboro, for appellees.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Cranberry Area School District (District) appeals from an order of the Court of Common Pleas of Venango County (trial court) which dismissed the District's petition to vacate an arbitration award. We affirm.

The District and the Cranberry Education Association (Association) are parties to a collective bargaining agreement which governs the terms and conditions of the District's employment of its professional staff. The

collective bargaining agreement was in effect from July 1, 1993 until June 30, 1997. Harold Clark (grievant) is a professional employee and a member of the bargaining unit which is represented by the Association.

On July 28, 1995, the District posted a notice of a vacancy in the athletic director position to its professional. staff. Grievant, who has taught for the District for over 27 years and has been involved with extracurricular activities for over 20 years, applied for the position on August 18, 1995. Don Hall (Hall) also applied for the athletic director position. At the time of the filing of his application, Hall was not employed by the District nor was he professionally certified. The District interviewed both applicants and subsequently offered the athletic director position to Hall.

The Association filed a grievance on September 1, 1995 alleging that the District violated the collective bargaining agreement by hiring Hall, a non-certified person, when a member of the bargaining unit had also applied for the athletic director position. The parties exhausted the grievance procedure provided for in the collective bargaining agreement and ultimately arrived before the arbitrator. The District asserted that the grievance was not arbitrable because the athletic director position is categorized as non-professional. Relying on particular language contained in Article X of the collective bargaining agreement, the arbitrator concluded that the grievance was substantively arbitrable and resolved the merits of the case in favor of the Association. The arbitrator ordered the District to award the athletic director position to grievant and to reimburse grievant for any lost pay.

The District filed an appeal with the trial court challenging only the arbitrator's initial conclusion that the grievance was arbitrable. The trial court refused to vacate the arbitration award. Specifically, the trial concluded that a fair and rational interpretation of the controlling language in the collective bargaining agreement allows the issue to be arbitrated. This appeal followed.[1]

The sole issue presented by the District for our review is whether the trial court erred as a matter of law when it sustained the arbitrator's determination that a grievance related to the District's staffing of a non-professional, athletic director position, is substantively arbitrable.[2]

In asserting that the staffing of its athletic director position is clearly not arbitrable under the collective bargaining agreement, the school district relies heavily on *Harbor Creek School District v. Harbor Creek Education Association*, 146 Pa.Cmwlth. 631, 606 A.2d 666 (1992) which the Supreme Court affirmed. *Harbor Creek School Dist. v. Harbor Creek Educ. Ass'n*, 536 Pa. 574, 640 A.2d 899 (1994). The District contends that the current situation is factually similar to the scenario the appellate courts addressed in *Harbor Creek* and we should therefore follow the rules of law stated therein.

In *Harbor Creek*, the district maintained an athletic program for the students which the athletic director supervised. The position of athletic director was voluntary and part-time in nature, and was held by a full-time teacher who was a member of the bargaining unit. The District and the Association agreed to a supplemental salary schedule which established, among other things, the amount to be paid to the athletic director. The parties included the salary schedule in

1. The Pennsylvania State Education Association (PSEA) filed an amicus curiae brief in support of the position set forth by the Association. The PSEA's brief embodies the main arguments raised by the Association and further states that this case involves a harm imposed on the bargaining unit as a whole.

2. In an appeal from the decision of an arbitrator, our scope of review is highly circumscribed. *Bradford Area School District v. Bradford Area Education Association*, 663 A.2d 862 (Pa. Cmwlth.1995); *petition for allowance of appeal denied*, 544 Pa. 614, 674 A.2d 1076 (1996); *West Shore School District v. West Shore Education Association*, 113 Pa.Cmwlth. 98, 536 A.2d 483 (1988), *petition for allowance of appeal denied*, 520 Pa. 593, 551 A.2d 218 (1988). An arbitration award must be upheld if it can, in any rational way, be derived from the collective bargaining agreement in light of the language, context, and other indicia of the parties' intentions. *Pennsylvania State Education Association v. Appalachia Intermediate Unit*, 505 Pa. 1, 476 A.2d 360 (1984).

the appendices of the collective bargaining agreement.

Due to the expansion of the athletic program, the District augmented the duties of its athletic director position. Eventually, the District issued a revised job description for the position of athletic director transforming it from a "supplemental position" into a full-time, non-bargaining position. The education association challenged the District's alteration of the athletic director's job description, alleging that the unilateral removal of duties once performed by a bargaining unit member contravened the collective bargaining agreement.

After the arbitrator concluded that the grievance was arbitrable and the trial court affirmed the decision, this court reversed. We stated that, as a matter of law, collective bargaining agreements which cover professional employees of a school district do not apply to supplementary contracts wherein teachers perform duties not within, but additional to, the realm of professional employees as defined in the Public School Code of 1949.[3] *Harbor Creek*, 606 A.2d at 668; *Greater Johnstown Area Vo–Tech School v. Greater Johnstown Area Vo–Tech Association*, 57 Pa. Cmwlth. 195, 426 A.2d 1203 (1981). We reasoned that a professional employee is outside the scope of the collective bargaining agreement when he or she performs extracurricular activities. Therefore, the employee will not be afforded the grievance procedure to resolve a dispute related to performance of extracurricular activities.

The Supreme Court affirmed our order, concluding that the elimination of the position of athletic director is not subject to arbitration. In so doing, the court reiterated the well-established rule that an arbitrability determination is made by reviewing the collective bargaining agreement in order to ascertain whether the particular issue is involved. In applying this rule, the Supreme Court noted that the collective bargaining agreement did not expressly address the school district's power to eliminate supplemental positions. The Supreme Court concluded its analysis by stating:

The present collective bargaining agreement contains *no* language that would have provided the arbitrator with a basis for deciding that the parties agreed to arbitrate disputes as to whether extracurricular duties performed by the athletic director could be assigned to non-bargaining unit personnel.

*Harbor Creek*, 536 Pa. at 579, 640 A.2d at 902 (emphasis added). The Supreme Court concisely concluded that elimination of a supplemental position was not arbitrable because the collective bargaining agreement did not contain language from which the arbitrator could establish his jurisdiction.

The District also contends that the cases upon which the arbitrator relied have been overruled to the extent that they conflict with the appellate courts' decisions in *Harbor Creek*. Accordingly, the District characterizes the arbitrator's analysis as "an abashed attempt to eviscerate the very essence of *Harbor Creek*." The essence being that, as a matter of law, parties cannot agree to allow arbitrators to adjudicate disputes regarding non-professional positions including athletic directors.

■ We do not agree with the District's interpretation of *Harbor Creek*. Though the Supreme Court noted case law which holds that disputes pertaining to extracurricular work performed by teachers is not arbitrable because it is not professional employment covered by the collective bargaining agreement, its legal analysis and conclusion is based on the "essence test." In *Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981), our Supreme Court declared:

This so called "essence test" draws its origins from federal decisional law which mandates judicial deference to an arbitrator's findings.

"It is the arbitrator's construction which was bargained for, and so far as the arbitrator's decision concerns the construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."

---

**3.** Act of March 10, 1949, P.L. 30, *as amended*, 24    P.S. §§ 1–101 – 27–2702.

* * *

The essence test requires a determination as to whether the terms of the agreement encompass the subject matter of the dispute. Where it is determined that the subject matter of the dispute is encompassed within the terms of the agreement, the validity of the arbitrator's interpretation is not a matter of concern to the court.

* * *

The fact that [an] arbitrator in analyzing [a] dispute may have failed to properly perceive the question presented or erroneously resolved it, does not provide justification for judicial interference. Our inquiry ends once it is determined that the issue properly defined is within the terms of the agreement.

*Id.*, 492 Pa. at 520–21, 424 A.2d at 1312–13 (footnote and citation omitted). Thus, as soon as it is determined that the issue is encompassed within the terms of the collective bargaining agreement, our scope of review ends. *Id.; West Shore School District v. West Shore Education Association,* 113 Pa.Cmwlth. 98, 536 A.2d 483 (1988), *petition for allowance of appeal denied,* 520 Pa. 593, 551 A.2d 218 (1988); *see also* footnote 2.

Article X of the collective bargaining agreement in effect here is entitled "EXTRA–CURRICULAR ACTIVITY ASSIGNMENTS." This article sets forth the terms and conditions of the supplemental contracts entered into between the District and its professional employees for extracurricular work. Reproduced Record at 29a–32a. Article X controls, among other things, the selection, salary, duration, and termination of extracurricular assignments. *Id.*

In concluding that the grievance was arbitrable, the arbitrator relied mainly on Article X, Section 4, of the collective bargaining agreement which provides as follows:

*Posting of Vacancies.* The Board agrees to post all vacancies that occur in any position within the district at the time the vacancies occur. A list of vacancies shall be posted in each school building. *If a professional person cannot be secured, the Board will attempt to secure a suitable non-certified person to fill the vacancy for one (1) year, regulations permitting.* (Emphasis added.)

The arbitrator interpreted the operative language of this provision as granting members of the bargaining unit preference over non-certified persons in acquiring extracurricular positions. In addition, the arbitrator stated that grievant's dispute does not involve his performance of extracurricular activities, but rather, concerns the process by which the grievant, as a member of the bargaining unit, may attain an extracurricular position. Since the arbitrator's award is rationally derived from the language of the collective bargaining agreement and therefore draws its essence from it, the arbitrator properly exercised his authority over the matter and we will not disturb his decision.

Unlike *Harbor Creek,* the present dispute does not originate from the terms of a supplemental contract or concern the elimination of a supplemental position. Moreover, this dispute does not arise from grievant's performance of non-professional duties such that he would be precluded from resolving the dispute by collectively agreed to grievance proceedings. Instead, Article X, Section 4, of the collective bargaining agreement has granted a person with professional status the right of preference when competing for an extracurricular position with a non-certified person. The parties negotiated in good faith over this provision and expressed their intent by including the language in the body of the collective bargaining agreement.

Additionally, we note that the preferred status granted to grievant in this matter entitles him to the athletic director position and its corresponding salary because the other applicant was a non-certified person. This benefit of professional status is similar to other benefits allocated under the collective bargaining agreement such as salary and health insurance. Focusing on the status of the grievant and not the position sought, leads us to conclude that the arbitrator properly exercised his authority.

Accordingly, we affirm the order of the trial court.

*ORDER*

AND NOW, this 18th day of June, 1998, the order of the Court of Common Pleas of Venango County, at CIV. No. 690–1996, dated June 28, 1997, is affirmed.