832 A.2d 562 (2003)
The SCHOOL DISTRICT OF the CITY OF ERIE, Appellant,
v.
PENNSYLVANIA LABOR RELATIONS BOARD and Erie Education Association.
Commonwealth Court of Pennsylvania.
Argued May 6, 2003.
Decided September 18, 2003.
*563 Mark J. Kuhar, Erie, for appellant.
*564 John B. Neurohr, Harrisburg, for appellee.
BEFORE: McGINLEY, Judge, LEAVITT, Judge, and JIULIANTE, Senior Judge.
OPINION BY Senior Judge JIULIANTE.
The School District of the City of Erie (School District) appeals from the August 6, 2002 order of the Court of Common Pleas of Erie County (trial court) that affirmed the order of the Pennsylvania Labor Relations Board (Board) and dismissed the School District's appeal. The Board's order dismissed the School District's exceptions to a proposed order by Hearing Examiner Peter Lassi that recommended dismissal of the School District's petition for unit clarification. We affirm.
On May 16, 1997, the School District filed a petition for unit clarification with the Board, seeking to exclude over 300 extracurricular positions (supplemental positions) from the bargaining unit of professional employees represented by the Erie Education Association (Association). On June 30, 1997, the Secretary of the Board issued an order directing that a hearing on the matter be held before Hearing Examiner Thomas McConnell. Although a hearing did not occur, the School District and the Association filed a stipulation naming each supplemental position, its current holder, and the fact that it did not require a Pennsylvania Department of Education (PDE) certificate.
Thereafter, on June 22, 1998, the School District filed a motion in limine requesting that the issue be decided based on the stipulation alone and that no evidentiary hearing be held to receive additional evidence. The Association filed a brief in opposition to the School District's motion on August 31, 1998.
Because Hearing Examiner McConnell left the Board's employ, Hearing Examiner John Audi was assigned to hear the matter. By letter dated March 24, 1999, Hearing Examiner Audi granted the School District's motion in limine and declared that the matter would be decided based solely on the parties' stipulation. Hearing Examiner Audi also afforded the parties 30 days in which to file briefs in support of their respective positions. The Association filed a letter brief on April 25, 1999; the School District did not file an additional brief.
In July 2000, the School District inquired of the Board as to the status of the case. By letter of August 30, 2000, the Board informed the parties that Hearing Examiner Audi was no longer employed by the Board and that Hearing Examiner Lassi was assigned to dispose of the matter.
On October 31, 2001, Hearing Examiner Lassi issued an order proposing to dismiss the School District's unit clarification petition. The School District filed exceptions, which were dismissed by the Board. The School District then appealed the Board's final order to the trial court. By order dated August 6, 2002, the trial court dismissed the School District's appeal.
The School District contends that the trial court erred (1) in failing to conclude that the supplemental positions are nonprofessional as a matter of law and (2), in determining that the School District failed to sustain its burden of proof. Our review of the Board's final order is limited to determining whether the necessary findings of fact are supported by substantial evidence and whether the conclusions drawn from those facts are reasonable and not arbitrary, capricious or illegal. Montgomery County v. Pennsylvania Labor *565 Relations Board, 769 A.2d 554 (Pa. Cmwlth.2001). Moreover, we recognize that "the [Board] possesses administrative expertise in the area of public employee labor relations and should be shown deference; the Commonwealth Court will not lightly substitute its judgment for that of the [Board]." American Fed'n of State, County & Mun. Employees, Council 13, AFL-CIO v. Pennsylvania Labor Relations Board, 150 Pa.Cmwlth. 642, 616 A.2d 135, 137 (1992).
In support of its position that the supplemental positions are nonprofessional as a matter of law, the School District directs our attention to Harbor Creek Sch. Dist. v. Harbor Creek Educ. Ass'n, 146 Pa. Cmwlth. 631, 606 A.2d 666 (1992), aff'd, 536 Pa. 574, 640 A.2d 899 (1994) (Harbor Creek I) and Harbor Creek Sch. Dist. v. Pennsylvania Labor Relations Board, 158 Pa.Cmwlth. 396, 631 A.2d 1069 (1993) (Harbor Creek II). The underlying facts of both cases, as recited in Harbor Creek I, are as follows:
The [Harbor Creek School District (school district) ] maintains a program of extracurricular and non-instructional activities, a portion of which involves an athletic program. The athletic program was historically overseen by an "athletic director" who was also a professional employee and a member of the bargaining unit represented by the [Harbor Creek Education Association (education association) ]. The scope of the extracurricular program grew over time and a need developed for the athletic director position to assume added responsibility. On August 1, 1984, the [school district] issued a revised description for the position of "athletic director." The new description was posted the next day. The [education association] responded by filing a grievance over the new job description. On May 23, 1985, an arbitrator sustained the grievance and advocated negotiation by the parties to modify the description of athletic director. At a meeting on June 9, 1989, the Board of School Directors approved a resolution to create the position of an Assistant Principal for Student and Supplemental Activities. This new position would, inter alia, include all of the duties for which the part-time athletic director had previously been responsible. The following week, the [school district] informed the [education association] that the athletic director position previously performed by a full-time professional employee, Mr. O'Neil, had been eliminated and the position of Assistant Principal created. Mr. O'Neil, the previous athletic director, was appointed to the newly created position and left the bargaining unit to assume the full-time responsibilities of the new position.
Harbor Creek I, 606 A.2d at 667.
The education association filed a grievance alleging that the elimination of the supplemental position of athletic director, and the simultaneous transfer of bargaining unit work to a non-bargaining unit individual, violated the collective bargaining agreement (CBA). After a hearing on the matter, the arbitrator found the grievance arbitrable and sustained it on the merits. The court of common pleas then quashed the school district's motion to vacate the arbitration award.
The issue on appeal to this Court in Harbor Creek I was whether the court of common pleas erred in determining that the grievance was arbitrable. Concluding that it was not, we stated that
[t]he [CBA] herein specifically states that it covers professional employees. We have held as a matter of law, citing [Greater Johnstown Area Vocational-Technical Sch. v. Greater Johnstown *566 Area Vocational-Technical Educ. Ass'n, 57 Pa.Cmwlth. 195, 426 A.2d 1203 (Pa. Cmwlth.1981) ], that [CBAs] covering professional employees of a school district do not apply to supplementary contracts wherein teachers perform duties not within, but additional to, the realm of professional employees as defined in the Public School Code of 1949 ([School Code])[1]. In re Grievance by Glover, [137 Pa.Cmwlth. 429, 587 A.2d 25 (Pa. Cmwlth.1991), overruled by Chester Upland Sch. Dist. v. McLaughlin, 655 A.2d 621 (Pa.Cmwlth.1995) ]. In so holding, we are cognizant of previous judicial recognition allowing greater flexibility in the selection of athletic coaches than is allowed in the hiring and firing of teachers. Greater Johnstown. We have also determined that teachers acting in extracurricular capacities are not professional employees as defined in the [School] Code. [Moriarta v. State Coll. Area Sch. Dist., 144 Pa.Cmwlth. 359, 601 A.2d 872 (Pa.Cmwlth.1992) ]; In re Glover; Greater Johnstown.
Id. at 668 (footnote omitted, footnote added).
Based on the foregoing, we concluded that because the athletic director position was a supplementary agreement not within the definition of professional employee covered by the CBA and the School Code, the grievance was not arbitrable. Additionally, although the individual who performed the extracurricular duties was a professional employee, he was not acting in that capacity at the time. Therefore, he was precluded from resolving disputes through the grievance procedure. Accordingly, we reversed the court of common pleas' order quashing the school district's appeal.
In Harbor Creek II, the same factual scenario existed and, in addition to filing a grievance under the CBA, the education association filed an unfair labor practice with the Board. A hearing examiner concluded that the school district had improperly transferred the work of the athletic director to the newly created position without having bargained with the education association and, thus, had engaged in an unfair labor practice.
The court of common pleas affirmed the Board's decision dismissing the school district's exceptions and, on appeal, we again reversed. We reasoned that since Harbor Creek I had established that the duties of the athletic director were not covered by the CBA, those duties were not bargaining unit work. Consequently, the school district did not have an obligation to bargain before taking the action that it did.
Based on our decisions in Harbor Creek I and II, the School District vehemently argues that supplemental positions are nonprofessional as a matter of law. However, the decisions in Harbor Creek I and II were essentially limited by the definitions of "professional employe" as contained in the CBA and the School Code.
The present action, however, was initiated under Section 604 of the Public Employe Relations Act (PERA),[2] which gives the Board authority to determine the appropriateness of a bargaining unit for a public employer.[3] "The purpose of a unit clarification procedure under the PERA is to determine whether certain job classifications are properly included in a bargaining unit, based upon the actual functions of the job." School Dist. of the Tp. of Millcreek *567 v. Millcreek Educ. Ass'n, 64 Pa. Cmwlth. 389, 440 A.2d 673, 675 (1982). Additionally, this Court has recognized the need for unit clarification as a means to insure flexibility in the composition of the bargaining unit as more positions are created or existing positions are changed. Gateway Sch. Dist. v. Pennsylvania Labor Relations Board, 79 Pa.Cmwlth. 506, 470 A.2d 185 (1984).
"Professional employe" is defined in Section 301(7) of the PERA as
any employe whose work: (i) is predominantly intellectual and varied in character; (ii) requires consistent exercise of discretion and judgment; (iii) requires knowledge of an advanced nature in the field of science or learning customarily acquired by specialized study in an institution of higher learning or its equivalent; and (iv) is of such character that the output or result accomplished cannot be standardized in relation to a given period of time.
43 P.S. § 1101.301(7).
The School Code, however, limits the term "professional employe" to include
those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.
Section 1101(1) of the School Code, 24 P.S. § 11-1101(1).
Clearly, the PERA provides a broader definition of professional employee than the School Code. In Millcreek, we rejected the school district's argument that the Board erred in determining that substitute teachers were professional employees under the PERA since the School Code did not include "substitute teacher" in its definition of "teacher"[4] and the CBAs between the union and the school district were limited in application to teachers and professional employees. We found no merit to the argument, declaring that "the provisions of the [School Code] are not dispositive of employee status under the PERA." Id. at 675.
The School District maintains that Millcreek is inapplicable because the issue in that case did not involve the professional employee status in the first instance and because the positions in Millcreek required PDE certification. We disagree and conclude that Millcreek is particularly applicable. It holds that the definition found in one statute is not controlling where another statute provides its own definition of the same term. Where a statute provides internal definitions, the meanings of the terms provided are controlling. See Commonwealth v. Sitkin's Junk Co., 412 Pa. 132, 194 A.2d 199 (1963) (by specifically defining "manufacture," the legislature indicated its intent that the term be construed in accordance with the statutory language and that the construction of such word was not controlled by prior judicial construction of the word under prior tax statutes); Hodges v. Rodriguez, 435 Pa.Super. 360, 645 A.2d 1340 (1994) (Superior Court is bound by internal definitions provided by statute); Lynch v. Hook, 298 Pa.Super. 27, 444 A.2d 157 (1982) (attorney for estate could not be classified as "personal representative" as that term was defined by the Probate, Estates and Fiduciaries Code[5] where decedent died intestate *568 and attorney was not appointed as administrator).
The Board, the entity empowered to prevent unfair labor practices, is thus required to use the definition of professional employee as provided in the PERA. In determining whether the supplemental positions at issue were properly part of the bargaining unit, Hearing Examiner Lassi was required to consider whether the public employees have an identifiable community of interest and the effects of over-fragmentization. 43 P.S. § 1101.604; State Sys. of Higher Educ. v. Pennsylvania Labor Relations Board, 757 A.2d 442 (Pa.Cmwlth.2000), appeal denied, 565 Pa. 659, 771 A.2d 1293 (2001).
To that extent, the distinction of professional employees as defined by the PERA and the School Code is but one factor to be considered when determining an identifiable community of interest under the PERA. Millcreek. Similarly, the requirement or lack thereof of PDE certification should also be considered. State Sys. of Higher Educ.
Giving deference to the Board's expertise in the area of labor relations, Berks/Lehigh Valley Coll. v. Pennsylvania Labor Relations Board, 763 A.2d 548 (Pa. Cmwlth.2000), we cannot conclude that the Board erred in determining that the term "professional employee" as defined in the PERA includes the supplemental positions sought to be excluded by the School District. Its determination is not arbitrary, capricious or illegal and is in accordance with our decision in Millcreek.
In the alternative, the School District contends that the stipulation describing the supplemental positions was sufficient to meet its burden of proof in seeking to exclude said positions from the bargaining unit. In Board proceedings, the party seeking to exclude a position from a bargaining unit has the burden of proving by substantial evidence that the statutory exclusion applies. School Dist. of Philadelphia v. Pennsylvania Labor Relations Board, 719 A.2d 835 (Pa.Cmwlth.1998).
A sample supplemental position described in the stipulation is as follows:

CENTRAL HIGH SCHOOL VARSITY BOYS FOOTBALL COACH
The holder of the position ... is responsible for coaching the Boys Varsity Football team at Central High School. No certification from the Pennsylvania Department of Education is required for the position.
(R.R. 7a) Each of the remaining supplemental positions is similarly described.
If this matter was governed by the definition of professional employee as provided by the School Code, the School District's argument would have merit. Nevertheless, because the definition of professional employee in the PERA is controlling, the School District was required to show more than the lack of state certification.
In considering whether the positions shared a community of interest, the Board needed to consider, inter alia, the "type of work performed, educational and skill requirements, pay scales, hours and benefits, working conditions, interchange of employees, grievance procedures, and bargaining history." State Sys. of Higher Educ., 757 A.2d at 447. The stipulation offered by the parties completely ignores these other factors. Thus, we cannot conclude that the trial court erred in determining that the School District failed to carry its burden of proof.
Accordingly, we affirm.

*569 ORDER

AND NOW, this 18th day of September, 2003, the August 6, 2002 order of the Court of Common Pleas of Erie County is AFFIRMED.
NOTES
[1] Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §§ 1-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.
[2] Act of July 23, 1970, P.L. 563, as amended, 43 P.S. § 1101.604.
[3] Although the PERA does not set forth the procedure for unit clarification, the Board's regulations do provide for unit clarification proceedings. See 34 Pa.Code § 95.23.
[4] See Section 1141(1) of the School Code, 24 P.S. § 11-1141(1).
[5] 20 Pa.C.S. §§ 101-8815.